IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERRY ARMBRUSTER, #S02006,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00544-MJR |
| ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** ) | |
| **WEXFORD HEALTH CARE INC.,** ) | |
| **WARDEN PARKER, HOHNSBEHN,** ) | |
| **and BHARAT SHAH,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Plaintiff Gerry Armbruster, who is currently incarcerated at Taylorville Correctional Center ("Taylorville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 to complain about his lack of adequate medical care for spinal cord compression at Southwestern Illinois Correctional Center in 2014 (Doc. 1, pp. 5-6). Plaintiff alleges that prison officials refused to treat his symptoms and his underlying condition for five months. The delay in treatment caused Plaintiff to suffer unnecessary pain and permanent spinal cord damage (*id*.). He now sues the following defendants for exhibiting deliberate indifference to his medical needs under the Eighth Amendment and for negligence under Illinois state law: Illinois Department of Corrections ("IDOC"), Wexford Health Care, Inc. (Wexford), Warden Parker, Healthcare Administrator Hohnsbehn, and Doctor Shah. Plaintiff seeks monetary relief (*id*. at 7).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

During his incarceration at Southwestern Illinois Correctional Center in 2014, Plaintiff began suffering from symptoms related to spinal cord compression (Doc. 1, p. 5). These symptoms included right arm numbness, loss of sensation in both hands, poor grip strength, left leg tingling, loss of balance, and problems with general mobility. Plaintiff repeatedly complained about the symptoms to Doctor Shah, who simply told him to "drink more water" (*id*.). He also complained to Warden Parker, who took no action. Plaintiff filed written grievances with Administrator Hohnsbehn, who either ignored the grievances or determined that they had no merit. Wexford would not approve Plaintiff's request for care at an outside hospital (*id*. at 14).

By the time he was released from the prison on September 15, 2014, Plaintiff's condition had deteriorated significantly (*id*. at 6). He sought immediate treatment at a hospital emergency room, where he was diagnosed with severe spinal cord compression. Plaintiff underwent surgery the same day (*id*. at 8, 10-11). Even so, his treating physician opined that the five-month delay in treatment caused irreversible damage to his spinal cord.

In connection with the above-described events, Plaintiff now sues the defendants for violating his rights under the Eighth Amendment. He also claims that the defendants were

negligent in their care and treatment of him, in violation of Illinois law. Plaintiff seeks monetary damages (*id*. at 7).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:** **Defendants exhibited deliberate indifference toward Plaintiff's serious medical needs in violation of the Eighth Amendment, when they denied him medical care for spinal cord compression at Southwestern Illinois Correctional Center in 2014.**
>
> **Count 2:** **Defendants were negligent in their care and treatment of Plaintiff in connection with his spinal cord compression in 2014.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

## Count 1

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. The Supreme Court has recognized that the "deliberately indifferent denial of medical care" for a serious medical need, which results in "needless pain and suffering," constitutes cruel and unusual punishment under the Eighth Amendment. *Gutierrez v. Peters*, 111 F.3d 1364, 1370 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A medical need is considered serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*,

771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). The complaint suggests that Plaintiff suffered from an objectively serious medical need under this standard. For a period of five months, he complained of symptoms, including ongoing pain and numbness in his extremities, which increased in frequency and severity. *See Siwula v. Correct Care Solutions, LLC*, 2015 WL 1064767 (N.D. Ill. 2015) (neck injury resulting in spinal cord compression and eventual paralysis was objectively serious). The persistence and progression of these symptoms at least suggest that Plaintiff was suffering from an objectively serious medical need. The objective component of this claim is satisfied for screening purposes.

The complaint also suggests that Doctor Shah responded to Plaintiff's repeated requests for medical care with deliberate indifference. Prison officials act with deliberate indifference, when they "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Plaintiff alleges that he told Doctor Shah about his symptoms "many times" (*id*. at 5-6). Doctor Shah diagnosed him with dehydration and instructed him to "drink more water" (*id*.). This persistent, yet ineffective, course of hydration treatment could rise to the level of deliberate indifference. At this stage, Count 1 shall receive further review against Doctor Shah in his individual capacity.

However, Plaintiff cannot maintain this suit for money damages against the IDOC because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits against states in federal court for money damages. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir.

2001). The IDOC is immune from suit by virtue of the Eleventh Amendment. *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). The IDOC shall therefore be dismissed from this action with prejudice.

The allegations against the remaining defendants are too threadbare to support a claim for relief against them. Plaintiff vaguely alludes to the fact that he "ask[ed] the wardon parker (sic) for help," but he offers no other details regarding his request (Doc. 1, p. 5). Plaintiff allegedly submitted grievances complaining about the denial of medical care to Administrator Hohnsbehn but, again, offers no information regarding the content of his grievances.[1] Finally, in conclusory fashion, Plaintiff alleges that Wexford "would not fund the expence (sic) to take [Plaintiff] to [an] outside hospital" for treatment (*id.*).

The allegations against these defendants are vague at best. Plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations in the complaint fall short of this standard. Count 1 is therefore subject to dismissal against Wexford, Warden Parker, and Administrator Hohnsbehn for failure to satisfy *Twombly*. But other reasons support the dismissal of these defendants.

Plaintiff names Wexford as a defendant but includes virtually no allegations against this defendant in the complaint. Plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability, when bringing a claim against Wexford under § 1983. *Ashcroft*, 556 U.S. at

---

[1] Although Plaintiff includes a copy of a grievance with his complaint, the grievance is not directed to Administrator Hohnsbehn or answered by this defendant.  It is therefore unclear what Plaintiff told this defendant about his medical condition (Doc. 1, pp. 12-13).

676. In the Seventh Circuit, a private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). The complaint describes no such policy or custom attributable to Wexford. Therefore, Count 1 is subject to dismissal against Wexford.

Likewise, Plaintiff cannot proceed with his Eighth Amendment claim against Warden Parker and Administrator Hohnsbehn. The complaint does not include sufficient allegations to suggest that either of these defendants responded to Plaintiff's request for medical care with deliberate indifference. Plaintiff included no copies of grievances or other exhibits that describe his efforts to notify these defendants about his need for treatment. *See, e.g.*, *Perez*, 792 F.3d at 782 (prisoner could proceed with deliberate indifference claim against non-medical defendants who knew of plaintiff's serious medical need and inadequate medical care through his "coherent and highly detailed grievances and other correspondences," but failed to intervene). The Court is left to guess why Warden Parker and Administrator Hohnsbehn are named in connection with this claim. This is something the Court – and these defendants – are not required to do. Accordingly, Count 1 shall be dismissed without prejudice against them.

In summary, Count 1 shall proceed against Doctor Shah in his individual capacity only; the official capacity claims shall be dismissed without prejudice.[2] Count 1 shall be dismissed with prejudice against the IDOC and without prejudice against Warden Parker and Administrator Hohnsbehn.

---

[2] The official capacity claim(s) shall be dismissed without prejudice. Typically, defendants are named in their official capacities when a plaintiff seeks injunctive or declaratory relief. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff seeks neither. He requests only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her *individual* capacity because a suit for money damages against a defendant in his or her official capacity is really a suit from money damages against the state and is barred by the Eleventh Amendment. *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).

**Count 2**

Plaintiff also alleges that the defendants were negligent in their care and treatment of him. However, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). As the Seventh Circuit has explained, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374. *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). Although this Court has supplemental jurisdiction pursuant to § 1367(a) over the state law negligence claim, this is not the end of the Court's analysis.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations,

and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report. Therefore, the claim in Count 2 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff will be allowed 35 days (**on or before August 3, 2016**) to file the required affidavit if he wishes to revive the claim and pursue it in this action. Should Plaintiff

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

fail to timely file the required affidavits, the dismissal of Count 2 shall become a dismissal with prejudice upon the expiration of this deadline. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** and without prejudice against Defendants **WEXFORD HEALTH CARE, INC.**, **WARDEN PARKER,** and **HEALTH AMINISTRATOR HOHNSBEHN** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. If Plaintiff wishes to revive this claim, he is hereby **ORDERED** to file the required affidavits within 35 days (**on or before August 3, 2016**). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 2 shall become a dismissal with prejudice. *See* 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b).

**IT IS ALSO ORDERED** that all **OFFICIAL CAPACITY** claims are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendant **DOCTOR BHARAT SHAH** in his individual capacity only. As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **DOCTOR BHARAT SHAH** (individual capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 29, 2016**

                                                            **s/ MICHAEL J. REAGAN**
                                                            **Chief Judge**
                                                            **United States District Court**