041402/19344/TPD

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006, | |
| Plaintiff, | Case Number  3:16-cv-00544-MJR-SCW |
| v. | Judge Michael J. Reagan |
| ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH CARE, INC., WARDEN PARKER, HOHNSBEHN, and BHARAT SHAH, | Magistrate Judge Stephen C. Williams |
| Defendants. | |

**DEFENDANTS WEXFORD HEALTH SOURCES, INC., LORETTA WILFORD, PHYLLIS MASTON, RHONDA BENNETT, LYNN JOHNSON, AND SUSAN HARDIN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

COME NOW Defendants, Wexford Health Sources, Inc., Loretta Wilford, Phyllis Maston, Rhonda Bennett, Lynn Johnson, and Susan Hardin, by and through their attorneys, CASSIDAY SCHADE LLP, and hereby submit their Memorandum of Law in Support of their Motion for Summary Judgment, stating as follows:

### I. INTRODUCTION AND STATEMENT OF UNDISPUTED FACT

1. Plaintiff, Gerry Armbruster, #S02006, who, upon information and belief, is an IDOC inmate currently incarcerated at Taylorville Correctional Center (Taylorville), filed his Section 1983 lawsuit, *pro se*, on May 16, 2016 alleging that while Plaintiff was incarcerated at Southwestern Illinois Correctional Center (Southwestern) Bharat Shah, M.D. and Wexford Health Sources, Inc. (Wexford) did not provide him treatment for certain physical conditions. [Doc. 1]. Wexford was dismissed at Merit Review for Plaintiff's failure to state a claim upon which relief may be granted. [Doc. 6].

2. Between the dates of July 11, 2016 and July 20, 2016 attorneys from the law firm Lovey & Lovey entered their appearances on behalf of the Plaintiff [Doc. 11, 12, 14-18], and on October 18, 2016 filed an Amended Complaint naming Bharat Shah, M.D., Wexford Health Sources, Inc. (Wexford), and Registered Nurses Loretta Wilford, Phyllis Maston, R.J. (Rhonda) Bennett, C. Johnson (now identified as Lynne Johnson), and S. (Susan) Hardin. [Doc. 33]. Plaintiff's Amended Complaint alleges that Dr. Shah, Wexford, Ms. Wilford, Ms. Maston, Ms. Bennett, Ms. Johnson, and Ms. Hardin violated Plaintiff's Eighth Amendment rights when they denied him medical care. [Doc. 33, Count I]. Plaintiff's Amended Complaint further alleges a State Law claim of medical malpractice, pursuant to 735 ILCS 5/2-622, as to Dr. Shah and Wexford, and, as to Wexford, Plaintiff alleges liability under the doctrine of *Respondeat Superior*, citing the holding in *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 793-95 (7th Cir. 2014). [Doc. 33, Count III, IV].

3. Defendants subpoenaed Plaintiff's grievance records from Southwestern and Taylorville; no grievance records were returned. [Exhibit A].

4. Plaintiff's records from the Administrative Review Board (ARB) contain a single grievance dated May 19, 2015. [Exhibit B]. The same single grievance was also appended to Plaintiff's Complaint. [Doc. 1].

5. The grievance contained in Plaintiff's ARB records and appended to his Complaint [Doc. 1] is dated May 19, 2014, signed by the Plaintiff that same date, states as follows:

> "On 05-12-2014 I went to health care unit, per nurse sick call. They scheduled me for Doctor the next day on 05-13-2014." *** "I told the Doctor about all issues and he told me I was dehydrated and nothing else is wrong with me." *** "I left cause he denied me treatment." [Ex. B, 0008, 0009]. This grievance was submitted to Plaintiff's Correctional

      Counselor on May 20, 2014, and responded to by the Counselor on May 29, 2014. [Ex. B, 0008]. This grievance was received by a Grievance Officer on June 11, 2014, and reviewed on June 12, 2014. [Ex. B, 0007]. This grievance was received by the Chief Administrative Officer on June 12, 2014, and denied that same date. *Id*. Both copies of this grievance contain Plaintiff's signature indicating his intent to appeal the decision of the Chief Administrative Officer dated June 18, 2014. *Id*. The copy of the grievance contained in Plaintiff's ARB records is stamped as received by the ARB on June 26, 2014; the copy of this grievance appended to Plaintiff's Complaint does not contain that stamp. [Ex. B, 0007-0009; Doc. 1].

      6.    Contained in Plaintiff's ARB records, and appended to his Complaint, is a two page Document titled "Offender's Complaint Pg. 3." [Ex. B, 0010-0011]. This document is dated June 22, 2014, and contains what is titled "Summary of Grievance" stating as follows:

> "On said date of 6-18-14 Mr. Armbruster 2 request slips, 1 to Health Care Unit stating all chronic care issues related to attached grievance. Also, 1 to Health Care Unit Administrator Hohnsbehr. They responded to the one to Health Care and during the visit of 6-2-14, the nurse stated that this facility SWICC/Wexford Medical Vendor for the State of Illinois, they will not fund the expense to send me to outside hospital to receive proper care that I need." *** "I have previously written request slips to HCUA Hohnsbeh and have not been contacted yet." *** "The only reliev I'm requesting is to no longer be ignored by HCUA Hohnsbehn, and for the Doctor Shaw to look further into these matters…."

      This purported grievance is dated after Plaintiff's May 19, 2014 grievance was reviewed by Plaintiff's Correctional Counselor, a Grievance Officer, and the Chief Administrative Officer, and after the date Plaintiff indicated his intent to appeal the Chief Administrative Officer's decision. [Ex. B, 0007-0009]. This purported grievance is stamped as having been received by the ARB on June 26, 2014. [Ex. B, 0010].

## I.    APPLICABLE LAW

### A.    Summary Judgment Standard

      Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to

3

judgment as a matter of law. In evaluating a motion for summary judgment, the Court must look beyond the pleadings and assess the proof to determine whether or not there is a genuine need for a trial. If Defendants meet their burden in showing there is an absence of evidence to support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). In determining and evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the opposing party and draws all justifiable inferences in his favor. A mere scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether there are any genuine issues of material fact, the court must draw all inferences in the light most favorable to the non-movant. *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 875 (7th Cir. 2002). Yet not every conceivable inference must be drawn, only reasonable inferences. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312-13 (7th Cir.1986). Moreover, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. at 380-81 (holding that the "[r]espondent's version of events is so utterly discredited by the record that no reasonable jury

4

could have believed him. The Court of Appeals should not have relied on such visible fiction…").

**B.     Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all administrative remedies. 42 U.S.C §1997e (a); *Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008). In addition, in order to fully exhaust administrative remedies as required by 42 U.S.C. §1997e(a), inmates must follow the rules laid out in the Illinois Administrative Code. *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004). Failure to do so means failure to use (and thus exhaust) available remedies. *Id* at 524. Pursuit of administrative remedies is necessary no matter what relief the plaintiff seeks, including monetary damages. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

The Code requires inmates to file a grievance regarding an issue at the institutional level within 60 days of the incident. 20 Ill. Admin. Code §504.810(a). The grievance must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of the person who is the subject of the complaint, or, who is the subject of, or who is otherwise involved in the complaint, and, if the prisoner does not know the name, they must describe such person with as much detail as possible. 20 Ill. Admin. Code §504.810(b). The grievant need not lay out the facts, or articulate legal theories, but the grievance must, at least, object intelligibly to some asserted shortcoming. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

The Code specifies that the inmate must receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, then the inmate may appeal the denial to the Administrative Review Board ("ARB") within 30

days.  20 Ill. Admin. Code §504.850(a).  An inmate can request that a grievance be handled on an emergency basis by submitting their grievance form directly to the Chief Administrative Officer, or Warden, pursuant to §504.840 of the Code.  *Thornton v. Snyder*, 428 F.3e 690, 694 (7th Cir. 2005).  If, after receiving the Warden's response, the offender feels that the grievance has not been resolved to his satisfaction he may appeal the decision, in writing, to the Director within 30 days of the Warden's decision.  *Id*.  The Code further provides that an inmate grieving one of the following may submit a grievance directly to the ARB:

> 1) Decisions regarding protective custody placement, including continued placement in or release from protective custody.
> 2) Decisions regarding the involuntary administration of psychotropic medication.
> 3) Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.
> 4) Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.

20 Ill. Admin. Code §504.870(a)(1)-(4).

Section 1997e(a) makes exhaustion of administrative remedies a precondition to filing suit.  *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).  In order to exhaust his administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, et al., 286 F.3d 1022, 1025 (7th Cir. 2002).  Unless a prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred.  *Id* at 1023.  Exhaustion means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits.).  *Id* at 1024.  Further, the U.S. Supreme Court has held that a prisoner cannot satisfy §1997e by filing an untimely or otherwise procedurally defective grievance or appeal; proper exhaustion of administrative remedies is necessary.  *Woodford v. Ngo*, 548 U.S. 81, 83, 126 S.Ct. 2378 (2006).  (Citing *Pozo*, *supra*, upholding

District Court ruling that a grievance not filed within 15 days (Cal.Code Regs. § 3084.6(c)) fails to satisfy §1997e(a)).

The statutory purpose of requiring the prisoner is to give the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prisoner's solution does not fully satisfy the prisoner. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). (*See also Maddox v. Love*, 655 F.3d 708, 722 (7th Cir. 2011). The function of a grievance is to provide prison officials a fair opportunity to address the prisoner's complaint. To satisfy that statutory purpose, a grievance must alert the prison to the nature of the wrong for which redress is sought. *Ricardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). To allow otherwise would frustrate the purpose of the grievance process, to afford prisons the time and opportunity to address a prisoner's complaint internally and attempt to remedy the problem before initiating federal litigation. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

## II. ARGUMENT

Defendants issued subpoenas to Southwestern, Taylorville, and the Administrative Review Board (ARB) for Plaintiff's grievance records, Cumulative Counseling Summary, and ARB file. A copy of what Defendants received in response to the subpoena for grievance records from Southwestern and Taylorville is attached hereto as Exhibit A. A copy of Plaintiff's grievance and purported grievance documents, and response, received in response to subpoena from the ARB is attached as Exhibit B. Grievance records appended to Plaintiff's Complaint [Doc. 1] are attached as Exhibit C. Plaintiff's Cumulative Counseling Summary is attached as Exhibit D. Plaintiff did not exhaust his administrative remedies as to Wexford and Registered Nurses Loretta Wilford, Phyllis Maston, Rhonda Bennett, Lynn Johnson, and Susan Hardin,

Defendants concede that Plaintiff's May 19, 2014 grievance exhausts his administrative remedies as to Bharat Shah, M.D.; a Motion to strike Dr. Shah's affirmative defense of plaintiff's failure to exhaust is being filed contemporaneously with Defendants' Motion for Summary Judgment and the Instant Memorandum of law in support thereof.  Plaintiff's May 19, 2014 grievance is, however, insufficient to exhaust his administrative remedies as to Wexford, and Registered Nurses Loretta Wilford, Phyllis Maston, Rhonda Bennett, Lynn Johnson, and Susan Hardin.  First, Plaintiff's May 19, 2014 grievance expressly grieves Plaintiff's dissatisfaction with Dr. Shah's actions on May 13, 2014.  [*See* Ex. B, 0009 "…he denied me treatment."].  Plaintiff does mention a nurse sick call encounter on May 13, 2014, and that he was subsequently scheduled "for doctor."  However; Plaintiff was very clear that this grievance was regarding Dr. Shah.

Second, subsequent to properly submitting this grievance at Southwestern, having it denied by the Chief Administrative Officer, and indicating on the IDOC form that he intended to appeal the decision [*See* Ex. B, 0007-0009], Plaintiff wrote what amounts to an addendum to that grievance, which was not properly submitted at Southwestern.  [*See* Ex. B, 0010-0011].  In this document Plaintiff mentions another encounter with a nurse on May 20, 2014, and claims that this nurse told him that Wexford would not pay for certain medical treatment for him.  This grievance is dated June 22, 2014; 34 days after Plaintiff wrote his May 19, 2014 grievance, 10 days after the Chief Administrator denied Plaintiff's May 19, 2014 grievance, and four days after Plaintiff signed the IDOC grievance form indicating his intention to appeal the Chief Administrative Officer's decision.  Plaintiff then submitted this document to the ARB where it was stamped as having been received on June 26, 2014, the same date as his May 19, 2014 grievance. [Ex. B].

8

This grievance fails as it contains information that was not properly submitted, in accordance with the Code, as either part of Plaintiff's May 19, 2014 grievance, or as a separately (and properly) submitted grievance and, therefore, it fails to satisfy that statutory purpose of alerting the prison to the nature of the wrong for which redress is sought. *Ricardo v. Rausch*, 375 F.3d at 524.  Further, while the Code does allow for four situations in which an inmate may submit a grievance directly to the ARB, this grievance is not among them.  *See* 20 Ill. Admin. Code §504.870(a)(1)-(4).  Specifically, the two page document Plaintiff dated June 22, 2014, purporting to be a grievance (or addendum to his May 19, 2014 grievance) is not grieving a decisions regarding protective custody placement, a decision regarding the involuntary administration of psychotropic medication, a decision regarding disciplinary proceedings that were made at a facility other Southwestern, or other issues except personal property issues that pertain to a facility other than Southwestern. *Id*.

Under the holding in *Madddox*, a grievance **only** serves its function if it has provided prison officials with a fair opportunity to address his complaints. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir 2011).  Prisoners do not need to submit multiple, successive grievances raising the **same** issue, however separate grievances **are** required "…if the underlying facts or the complaints are different." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (Emphasis added).  Plaintiff's May 19, 2014 grievance satisfies the requirements set forth in *Maddox* as to Dr. Shah, as Plaintiff was very specific that he was grieving Dr. Shah's actions.  It did not, however, grieve actions by Wexford, or the Registered Nurses later named in Plaintiff's Amended Complaint; different issues requiring a separate grievance.  Plaintiff's June 22, 2014 purported grievance fails entirely, as it was not submitted properly, in accordance with the Code.

9

IV.     CONCLUSION

WHEREFORE, for the above reasons, and because Plaintiff has failed to introduce evidence that he exhausted his administrative remedies as to Wexford, and Registered Nurses Loretta Wilford, Phyllis Maston, Rhonda Bennett, Lynn Johnson, and Susan Hardin Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Carla G. Tolbert
One of the Attorneys for Defendant, BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., LORETTA WILFORD, PHYLLIS MASTON, RHONDA BENNETT, LYNNE JOHNSON, and SUSAN HARDIN

Carla G. Tolbert
ARDC No. 6305104
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
ctolbert@cassiday.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2016, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system.  The electronic case filing system sent a "Notice of E-Filing" to the following:

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Loevy & Loevy
312 North May, Suite 100
Chicago IL 60607
loevylaw@loevy.com
sarah@loevy.com

Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Loevy & Loevy
311 North Aberdeen Street, Third Floor
Chicago IL 60607
jon@loevy.com
Katie@loevy.com
mike@loevy.com

                                                      /s/ Carla G. Tolbert

8409309 CTOLBERT;CTOLBERT