IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GERRY ARMBRUSTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| WEXFORD HEALTH SOURCES, INC., | ) |  |
| BHARAT SHAH, | ) | Case No.  16-cv-0544-MJR-SCW |
| RON VITALE, | ) |  |
| LORETTA WILFORD, | ) |  |
| PHYLLIS MASTON, | ) |  |
| LEANDA DAVIS, | ) |  |
| RHONDA J. BENNETT, | ) |  |
| LYNNE JOHNSON, | ) |  |
| SUSAN HARDIN, and | ) |  |
| UNKNOWN IDOC AND WEXFORD | ) |  |
| EMPLOYEES, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### INTRODUCTION

Pursuant to 42 U.S.C. § 1983, Plaintiff filed his second amended complaint alleging deliberate indifference against various Defendants related to treatment for his spinal cord compression (Doc. 58). Specifically, the complaint alleges that Defendants denied him adequate medical care for his condition (Count I), that some of the Defendants failed to intervene to prevent the deliberate indifference by other Defendants (Count II), that Defendants Bharat Shah and Wexford Health Sources, Inc.

("Wexford") committed medical malpractice under Illinois law (Count III), and that Defendant Wexford is liable for the actions of its employees under a theory of *respondeat superior* (Count IV). This matter is before the Court on two motions to dismiss. Defendant Wexford has filed a motion to dismiss (Doc. 48) seeking to dismiss Count 4 of Plaintiff's amended complaint alleging *respondeat superior* liability.[1] Plaintiff has filed a response (Doc. 55). Defendant Wexford filed a reply (Doc. 60). Defendant Ronald Vitale also filed a motion to dismiss (Doc. 72) to which Plaintiff responded (Doc. 76). Based on the following, the Court **GRANTS** Defendant Wexford's motion to dismiss (Doc. 48) but **DENIES** Defendant Vitale's motion to dismiss (Doc. 72).

## FACTUAL BACKGROUND

Plaintiff filed his second amended complaint on January 13, 2017 (Doc. 58). Plaintiff's amended complaint alleges that he began showing symptoms of spinal cord compression in the spring of 2014 (Doc. 58, p. 1). These symptoms included pain in his right shoulder blade, tingling and numbness in his right arm and hand, and tingling and pain in his left arm and finger tips (*Id.*).

Plaintiff first reported his symptoms to Defendant Loretta Wilford on May 13, 2014 and she scheduled Plaintiff to see the doctor the following day (Doc. 58, p. 5). Plaintiff met with Defendant Bharat Shah for the first time regarding his symptoms on May 14, 2014 (*Id.*). Defendant Shah instructed Plaintiff to do back exercises and ordered

---

[1] While Defendant Wexford's motion was filed in response to Plaintiff's first amended complaint (Doc. 33), Plaintiff's second amended complaint (Doc. 58) maintains Count IV against Defendant Wexford for *respondeat superior* liability. As such, Defendant's motion to dismiss remains ripe for review.

that his blood pressure be monitored (*Id.*). Plaintiff alleges that his condition continued to worsen and that he complained to Defendants Phyllis Maston, Leanda Davis, Lynne Johnson, Loretta Wilford, Susan Hardin, and Rhonda Bennett every day from May 15, 2014, to May 21, 2014 (*Id.* at 5-6). Defendants did nothing during this period except take Plaintiff's blood pressure (*Id.* at 6). Plaintiff saw Defendant Maston on May 20, 2014, and complained of numbness in his fingers on his right hand, tingling down both sides of his waist, issues with gripping in his right hand, difficulties walking, and pain in his lower back (*Id.* at 6). Defendant Maston only noted that Plaintiff had a follow-up appointment in eight days (*Id.*).

Plaintiff was seen again by Defendant Shah on May 28, 2014, and Plaintiff complained again of increasing numbness and tingling (Doc. 58, p. 6). He also complained that he had no gripping ability in his right hand and that he had difficulty walking (*Id.*). Defendant Shah allegedly did not provide Plaintiff with any care for his condition. Plaintiff alleges that he saw Defendant Shah several more times from June to July 2014 and he continued to display deliberate indifference to Plaintiff's deteriorating condition (*Id.* at 7-8).

At some point during his incarceration at Southwest, Plaintiff saw Defendant Ronald Vitale, the warden, walking about the facility (Doc. 58 at 8). He approached Defendant Vitale and complained of his ailments, which on that date were so severe that he could barely walk due to the pain, tingling, and numbness (*Id.*). Defendant Vitale did nothing in response to Plaintiff's complaint (*Id.*).

Plaintiff was released from prison on September 15, 2014, and went to Gateway Regional Medical Center ER on September 26, 2014 (*Id*. at 9). At that time he obtained an MRI and was diagnosed with severe spinal cord compression (*Id*.). He was transferred to SSM Health St. Mary's Hospital for emergency surgery for the compression (*Id*.). Plaintiff's complaint alleges that Defendants refused to treat Plaintiff's condition and that, as a result, his spinal cord condition worsened, leaving him with pain which he continues to experience (*Id*.).

In response, Defendants Wexford and Vitale have filed motions to dismiss (Docs. 48, 72). Defendant Wexford seeks to dismiss Plaintiff's Count IV, which alleges that Defendant Wexford is liable under the doctrine of *respondeat superior* for the actions of its employees under both state law and § 1983 (Doc. 48). Defendant Wexford argues that *respondeat superior* doctrine is not applicable to § 1983 litigation and that it is not a proper action under state law. Plaintiff conceded that under circuit precedent his § 1983 claim against Wexford cannot proceed on a theory of *respondeat superior* (Doc. 60). However, as to his state law claim for *respondeat superior* liability, he argues the claim can proceed (*Id*.). Defendant Vitale also argues that the Court should dismiss the claims against him as they are insufficient to allege deliberate indifference or a failure to intervene (Doc. 72). As to Defendant Vitale's motion, Plaintiff argues that at this early stage in the litigation, his allegations are sufficient as to deliberate indifference, and as to the failure to intervene claim, he argues Defendant Vitale has forfeited a response (Doc. 76).

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. The United States Court of Appeals for the Seventh Circuit has explained that although a complaint need not contain detailed factual allegations to avoid Rule 12(b)(6) dismissal, it must contain "enough facts to state a claim for relief that is plausible on its face." *Scott v. Chuhak & Tecson, P.C.*, **725 F.3d 772, 782 (7th Cir. 2013) (quoting** *Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 570 (2007)).** *See also Burke v. 401 N. Wabash Venture, LLC*, **714 F.3d 501, 504 (7th Cir. 2013).** A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *D.B. ex rel. Kurtis B. v. Kopp*, **725 F.3d 681, 684 (7th Cir. 2013) (quoting** *Ashcroft v. Iqbal*, **556 U.S. 662, 678 (2009)).** The claim (or complaint) must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level." *G&S Holdings, LLC v. Continental Casualty Co.*, **697 F.3d 534, 537-38 (7th Cir. 2012) (quoting** *Twombly*, **550 U.S. at 555).** Stated another way: "to withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, **633 F.3d 529, 533 (7th Cir. 2011) (quoting** *Swanson v. Citibank, N.A.*, **614 F.3d 400, 404-05 (7th Cir. 2010) (emphasis in original)).**

Courts "must still approach motions under Rule 12(b)(6) by 'construing the

complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.*, **556 F.3d 575, 580 (7th Cir. 2009)**, *cert. denied*, **558 U.S. 1148 (2010) (quoting** *Tamayo v. Blagojevich*, **526 F.3d 1074, 1081 (7th Cir. 2008).** The court takes well-pleaded facts as true, but does not accept as true statements of law or unsupported conclusory factual allegations. *Yeftich v. Navistar, Inc.*, **722 F.3d 911, 915 (7th Cir. 2013).**

## ANALYSIS

A. *Respondeat Superior* against Defendant Wexford

Defendant Wexford argues that Plaintiff's Count IV alleging *respondeat superior* liability under both § 1983 and state law should be dismissed because the doctrine of *respondeat superior* is not applicable to § 1983 claims. Plaintiff acknowledges that the doctrine of *respondeat superior* does not apply to claims which arise under § 1983 and must be dismissed. Under § 1983, a defendant can only be held liable if he was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, **266 F.3d 724, 740 (7th Cir. 2001) (quoting** *Chavez v. Ill. State Police*, **251 F.3d 612, 651 (7th Cir. 2001)).** In the Seventh Circuit, a private corporation, like Defendant Wexford, will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, **792 F.3d 768, 780 (7th Cir. 2015).** "*Respondeat superior* liability does not apply to private corporations under § 1983." *Shields v. Ill. Dep't of Corr.*, **746 F.3d 782, 789 (7th Cir. 2014).** Thus, Plaintiff cannot maintain a claim for *respondeat superior* liability pursuant

to § 1983 against Defendant Wexford, and that claim is accordingly **DISMISSED**.

However, Plaintiff argues that his *respondeat superior* claim under state law is properly pleaded. To support his argument, Plaintiff relies on **Wilson v. Edward Hosp.**, **981 N.E.2d 971, 367 Ill.Dec. 243 (Ill. 2012**). But that case holds the exact opposite, that *respondeat superior*, in and of itself, is not a separate claim, but merely a theory of recovery. **Id. at 980.** In that case, the Illinois Supreme Court found that a plaintiff had one claim against a hospital, negligence, and that "vicarious liability is not itself a claim or cause of action." *Id*. The Court pointed out that *respondeat superior* was "merely part of the duty analysis in a case where the plaintiff seeks to hold the principal [the hospital] liable for the agent's [(the doctor's)] alleged negligence." *Id.* As such, the Court finds that Plaintiff's Count IV, setting forth a distinct claim of *respondeat superior* liability apart from Plaintiff's malpractice claim, is improperly pleaded as a separate count and should, therefore, be dismissed. **See also Jones v. UPS Ground Freight, Inc., 2016 WL 826403, at *3 (N.D. Ill. March 3, 2016).** Although Plaintiff's Count IV is dismissed as a separate cause of action, Plaintiff may pursue *respondeat superior* against Defendant Wexford as a theory of medical malpractice for the acts of Defendant Shah.

## B. Defendant Vitale

Defendant Vitale argues that he should be dismissed as a defendant in the present case because the allegations against him are vague and lack facial plausibility (Doc. 72). Plaintiff response that as to the deliberate indifference claim, the allegations are sufficient to proceed, and as to the failure to intervene claim, Defendant Vitale forfeited

any argument to dismiss that claim by failing to mention it in his motion to dismiss (Doc. 76).

A prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, **658 F.3d 742, 750 (7th Cir. 2011).** The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. *Arnett*, **658 F.3d at 750.** *Accord Greeno v. Daley*, **414 F.3d 645, 653 (7th Cir. 2005).** "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, **593 F.3d 610, 620 (7th Cir. 2010).** *Accord Farmer v. Brennan*, **511 U.S. 825, 828 (1994) ((violating the** *Eighth Amendment* **requires "deliberate indifference to a substantial risk of serious harm.") (internal quotation marks omitted)).** Only if the first, objective prong, is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable. *Greeno*, **414 F.3d at 652–53.** Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Id.* **at 653.** The plaintiff need not show that the individual literally ignored his complaint, just that the individual was aware of the serious medical condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, **546 F.3d 516, 524 (7th Cir. 2008) (***citing Greeno***, 414 F.3d at 653).**

Here, the Court finds that Plaintiff has pleaded enough facts to plausible

deliberate indifference claim against Defendant Vitale at this early juncture. Plaintiff's complaint alleges that Defendant Vitale was on notice of Plaintiff's serious medical condition because Plaintiff approached Defendant Vitale barely able to walk, and asked for help. Plaintiff has also properly alleged that Defendant Vitale disregarded Plaintiff's condition by taking no action when Plaintiff asked for help. At this stage, the Court finds that Plaintiff has adequately alleged the two prongs of the deliberate indifference claim.

The Court notes that Defendant Vitale also indicates that Plaintiff failed to properly allege his failure to intervene claim, but Defendant Vitale's motion contains no argument regarding that claim. To state a claim for failure to intervene, a Plaintiff must identify an underlying constitutional harm that compels a defendant's action, as well as action on behalf of the defendant that demonstrates deliberate or reckless disregard of plaintiff's constitutional rights. *See Filmore v. Page*, **358 F.3d 496, 506 (7th Cir. 2004).** Here, Plaintiff has alleged deliberate indifference to his serious medical needs as the underlying problem, and he alleges that he told Defendant Vitale about his medical needs but Defendant Vitale took no action. Though the claim is not artfully pled, the Court finds the assertions sufficient to proceed at this juncture given Defendant Vitale's lack of specific assertions to the contrary. The Court finds that claim is adequately pled and thus **DENIES** Defendant Vitale's motion to dismiss.

## Conclusion

Accordingly, the Court **GRANTS** Wexford's motion to dismiss (Doc. 48) and

**DISMISSES** Count IV *respondeat superior* liability against Wexford without prejudice.

However, the Court **DENIES** Defendant Vitale's motion to dismiss (Doc. 72).

    **IT IS SO ORDERED**.

    DATED: June 16, 2017

***s/ Michael J. Reagan***
Michael J. Reagan
United States District Judge
