041402/19344/TPD/CGT/JAK

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006,<br><br>      Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., BHARAT SHAH, RON VITALE, LORETTA WILFORD, PHYLLIS MASTON, UNKNOWN IDOC & WEXFORD EMPLOYEES, RHONDA BENNETT, LYNN JOHNSON, SUSAN HARDIN, and LE ANDA DAVIS,<br><br>      Defendants. | Case Number  3:16-cv-00544-MJR-SCW<br><br>Judge Michael J. Reagan<br><br>Magistrate Judge Stephen C. Williams |

**RESPONSE TO REQUEST TO ADMIT FACTS**

COMES NOW Defendant, BHARAT SHAH, M.D., by and through his attorneys, CASSIDAY SCHADE LLP, and for his Response to Plaintiff, GERRY ARMBRUSTER #S02006's Request to Admit Facts, states as follows:

**Requests to Admit**

1. Admit that spinal cord compression is a serious medical condition.

**RESPONSE:**

**Defendant objects that this request asks for a legal conclusion and is an incomplete hypothetical. Subject to and without waiving the objections, Defendant admits it can be a serious medical condition in certain circumstances. Defendant denies that it is always a serious medical condition.**

      2.      Admit that you were deliberately indifferent to Gerry Armbruster's serious medical needs.

**RESPONSE:**

**Defendant objects as this request assumes Mr. Armbruster had a serious medical need of an undisclosed nature at an undescribed time; therefore, Defendant objects that this request is not limited in time or scope thus it is overbroad and unduly burdensome. Subject to and without waiving the objections, Defendant denies that Plaintiff has produced evidence that Mr. Armbruster had a serious medical need while incarcerated at Southwestern Illinois Correctional Center. Defendant further denies that he was deliberately indifferent to Mr. Armbruster and instead admits that Mr. Armbruster was provided adequate medical care. Defendant refers Plaintiff to Mr. Armbruster's disclosed IDOC medical records, Defendants' deposition testimony, and Dr. Sanders' and Dr. Petkovich's reports and deposition testimony.**

      3.      Admit that your conduct toward Gerry Armbruster between May 14, 2014 and September 25, 2014 was inconsistent with the conduct that a reasonably careful physician would have taken under similar circumstances.

**RESPONSE:**

**Defendant objects that this request is not limited in scope thus it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, Defendant denies as his conduct was that of a reasonably careful physician under similar circumstances and refers Plaintiff to Mr. Armbruster's**

disclosed IDOC medical records, Defendants' deposition testimony, and Dr. Sanders' and Dr. Petkovich's reports and deposition testimony.

4.   Admit that your conduct toward Gerry Armbruster between May 14, 2014 and September 25, 2014 was the same as the conduct that a reasonably careful physician would have taken under similar circumstances.

**RESPONSE:**

**Defendant objects that this request is not limited in scope thus it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, Defendant admits as his conduct was that of a reasonably careful physician under similar circumstances and refers Plaintiff to Mr. Armbruster's disclosed IDOC medical records, Defendants' deposition testimony, and Dr. Sanders' and Dr. Petkovich's reports and deposition testimony.**

5.   Admit that you conducted no complete neurological exam of Gerry Armbruster at any point between May 14, 2014 and September 25, 2014.

**RESPONSE:**

**Defendant objects to the term "complete neurological exam" as it is vague and does not identify what information Plaintiff seeks. Subject to and without waiving the objection, Defendant denies as he performed neurological examinations on Mr. Armbruster during this time frame. Defendant refers Plaintiff to Mr. Armbruster's disclosed IDOC medical**

3

records, Defendants' deposition testimony, and Dr. Sanders' and Dr. Petkovich's reports and deposition testimony.

6. Admit that you conducted one or more complete neurological exam(s) of Gerry Armbruster at some point between May 14, 2014 and September 25, 2014.

**RESPONSE:**

**Defendant objects to the term "complete neurological exam" as it is vague and does not identify what information Plaintiff seeks. Subject to and without waiving the objection, Defendant admits as he performed neurological examinations on Mr. Armbruster during this time frame. Defendant refers Plaintiff to Mr. Armbruster's disclosed medical records, Defendants' deposition testimony, and Dr. Sanders' and Dr. Petkovich's reports and deposition testimony.**

7. Admit that Gerry Armbruster complained of one or more neurological symptoms to one or more Defendants at Southwestern Correctional Center at any point between May 14, 2014 and September 26, 2014.

**RESPONSE:**

**Defendant objects to the extent Plaintiff requests he speculate as to interactions about which he does not have firsthand knowledge. Defendant also objects to the term "neurological symptoms" as it is vague and does not identify what information Plaintiff**

seeks. Subject to and without waiving the objections, Dr. Shah admits that Mr. Armbruster made certain subjective complaints to him during this time. Defendant refers Plaintiff to Mr. Armbruster's disclosed IDOC medical records and Dr. Shah's deposition testimony. Dr. Shah denies that he found objective evidence of neurological deficits upon several examinations. Dr. Shah denies that the medical records show that Mr. Armbruster presented with complaints to all Defendants.

8. Admit that Gerry Armbruster did not complain of any neurological symptoms to one or more Defendants at Southwestern Correctional Center at any point between May 14, 2014 and September 26, 2014.

RESPONSE:

Defendant objects to the extent Plaintiff requests he speculate as to interactions about which he does not have firsthand knowledge. Defendant also objects to the term "neurological symptoms" as it is vague and does not identify what information Plaintiff seeks. Subject to and without waiving the objections, Dr. Shah admits that Mr. Armbruster made certain subjective complaints to him during this time. Defendant refers Plaintiff to Mr. Armbruster's disclosed IDOC medical records and Dr. Shah's deposition testimony. Dr. Shah denies that he found objective evidence of neurological deficits upon several examinations. Dr. Shah denies that the medical records show that Mr. Armbruster presented with complaints to all Defendants.

9. Admit that Gerry Armbruster had spinal cord compression as of May 14, 2014.
RESPONSE:

**Defendant lacks knowledge or information as Plaintiff seeks an opinion that specialists cannot determine. Subject to and without waiving the objections, Defendant refers Plaintiff to the deposition testimony of his neurosurgeon, Dr. Gregory Bailey, who could not date Mr. Armbruster's spinal cord compression but opined that the signal change could have occurred as little as 24 hours before surgery.**

**RESPONSE:**

10. Admit that Gerry Armbruster did not have spinal cord compression as of May 14, 2014.

**RESPONSE:**

**Defendant lacks knowledge or information as Plaintiff seeks an opinion that specialists cannot determine. Subject to and without waiving the objections, Defendant refers Plaintiff to the deposition testimony of his neurosurgeon, Dr. Gregory Bailey, who could not date Mr. Armbruster's spinal cord compression but opined that the signal change could have occurred as little as 24 hours before surgery.**

CASSIDAY SCHADE LLP

By: /s/ Jaclyn Kinkade
One of the Attorneys for Defendant, BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., LORETTA WILFORD, PHYLLIS MASTON, RHONDA BENNETT, LYNNE JOHNSON, SUSAN HARDIN, and LE ANDA DAVIS

Jaclyn Kinkade
MO Bar #63935
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 31, 2018, I electronically filed the foregoing Response to Request to Admit Facts with the Clerk of the Court for the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Rachel D. Schwarzlose
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
rschwarzlose@atg.state.il.us


Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, IL 60607
jon@loevy.com
Katie@loevy.com
mike@loevy.com
loevylaw@loevy.com
sarah@loevy.com

                                                    /s/ Jaclyn Kinkade

8841326 JKINKADE;GCOFFMAN