U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH CARE, INC.;<br>BHARAT SHAH; RON VITALE; LORETTA<br>WILFORD,<br><br>　　　　　Defendants. | No. 3:16-cv-00544-MJR-SCW<br><br>Judge Michael J. Reagan<br><br>Magistrate Judge Stephen C. Williams |

## ANSWER TO THIRD AMENDED COMPLAINT

COMES NOW Defendant, WEXFORD HEALTH SOURCES, INC., and for its Answer to plaintiff, GERRY ARMBRUSTER #S02006's Third Amended Complaint (Doc. 123), states as follows:

### Introduction

1.　Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

2.　Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

3.　Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records, but has insufficient information and knowledge as the events subsequent to Plaintiff's discharge

from IDOC custody to formulate an answer to the allegations contained in this paragraph, and therefore denies the same.

## Jurisdiction and Venue

4.  Admitted, upon information and belief.

5.  The statements contained in this paragraph are legal conclusions to which no response is required or made. To the extent the statements contained in this paragraph are construed as averments of fact against this Defendant, they are denied.

## Parties

6.  Upon information and belief, Plaintiff is no longer incarcerated in the IDOC. Defendant admits that Plaintiff was housed at Southwestern Illinois Correctional Center during the times of the allegations, specifically during May through approximately September 15, 2014. Except as expressly admitted herein, denied.

7.  Defendant admits that it is a corporation contracted to the Illinois Department of Corrections and employed various health care providers at Illinois Department of Corrections facilities such as Southwestern Illinois Correctional Center. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

8.  As the allegations contained in this paragraph are not directed towards this Defendant no response is required or made. In the event the allegations contained in this paragraph are construed as against this Defendant, they are denied.

9.  As the allegations contained in this paragraph are not directed towards this Defendant no response is required or made. In the event the allegations contained in this paragraph are construed as against this Defendant, they are denied.

10.     As the allegations contained in this paragraph are not directed towards this Defendant no response is required or made.  In the event the allegations contained in this paragraph are construed as against this Defendant, they are denied.

### Allegations

11.     Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

12.     Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

13.     Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

14.     Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

15.     Defendant has insufficient information and knowledge as to Plaintiff's use of the grievance system to formulate an answer to the allegations contained in this paragraph, and, therefore, denies the same.

16. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

17. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

18. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

19. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

20. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

21. As the allegations contained in this paragraph are not directed towards this Defendant no responses is offered or required.  In the event the allegations contained in this paragraph are construed as towards this Defendant, the same are denied.

22. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

23. Defendant has insufficient information and knowledge as to Plaintiff's condition upon release from Southwestern Illinois Correctional center or his subsequent actions to formulate a response to the statements in this paragraph and, therefore, denies the same.

24. Defendant has insufficient information and knowledge as to Plaintiff's actions or medical condition subsequent to his release from Southwestern Illinois Correctional Center to formulate a response to the statements in this paragraph and, therefore, denies the same.

25. Denied.

## COUNT I
### 42 U.S.C. §1983 – Denial of Medical Care (Eighth Amendment)
### All Defendants

26. Defendant incorporates each response to Plaintiff's Third Amended Complaint as if fully stated herein.

27. Defendant admits that Plaintiff had certain medical conditions, and received certain care and treatment, all of which is more fully set forth in his IDOC medical records. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant admits that it is a corporation contracted to the Illinois Department of Corrections and employed various health care providers at Illinois Department of Corrections facilities such as Southwestern Illinois Correctional Center, and provided certain guidelines for the care and treatment of certain medical conditions for use by its employees.  Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant admits that during the times of the allegations, specifically May through September 15, 2014, Dr. Bharat Shah was a physician employed by Wexford Health Sources, Inc. at Southwestern Illinois Correctional Center.  Dr. Bharat Shah provided medical care to certain offenders at Southwestern Illinois Correctional Center.  Dr. Bharat Shah had certain supervision over nursing care.  Except as expressly admitted herein, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

WHEREFORE Defendant, WEXFORD HEALTH SORUCES, INC., having fully answered Count I of Plaintiff's Third Amended Complaint (Doc. 123), respectfully requests to

be dismissed with cost to Plaintiff and for such other and further relief as the Court deems just and proper.

## COUNT II
### 42 U.S.C. §1983 – Failure to Intervene (Eighth Amendment)
### All Defendants

43. Defendant incorporates each response to Plaintiff's Third Amended Complaint as if fully stated herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

WHEREFORE Defendant, WEXFORD HEALTH SORUCES, INC., having fully answered Count II of Plaintiff's Third Amended Complaint (Doc. 123), respectfully requests to be dismissed with cost to Plaintiff and for such other and further relief as the Court deems just and proper.

## COUNT III
### 735 ILCS 5/2 – Medical Malpractice
### Defendants Shah and Wexford

48. Defendant incorporates each response to Plaintiff's Third Amended Complaint as if fully stated herein. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

49. Defendant admits that it is a corporation contracted to the Illinois Department of Corrections and fulfilled all duties imposed upon it by law or contract. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

50. Denied.

51. Denied.

WHEREFORE Defendant, WEXFORD HEALTH SORUCES, INC., having fully answered Count III of Plaintiff's Third Amended Complaint (Doc. 123), respectfully requests to be dismissed with cost to Plaintiff and for such other and further relief as the Court deems just and proper.

**COUNT IV**
**Respondeat Superior**
**Defendant Wexford**

52. As this claim has already been dismissed by the Court (Doc. 81), no response is required. Except as expressly admitted herein, denied.

53. As this claim has already been dismissed by the Court (Doc. 81), no response is required. Except as expressly admitted herein, denied.

54. As this claim has already been dismissed by the Court (Doc. 81), no response is required. Except as expressly admitted herein, denied.

55. As this claim has already been dismissed by the Court (Doc. 81), no response is required. Except as expressly admitted herein, denied.

Defendant denies that Plaintiff is entitled to the relief he seeks.

WHEREFORE Defendant, WEXFORD HEALTH SORUCES, INC., having fully answered Plaintiff's Third Amended Complaint (Doc. 123), respectfully requests to be dismissed with cost to Plaintiff and for such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES:**

1. At all times relevant herein, Defendant acted in good faith in the performance of its official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Thus, Defendant is protected from suit

by the Doctrine of Qualified Immunity.

2. To the extent the Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

3. To the extent Plaintiff's claims are against Defendant in its official capacity, the claims are barred by the Eleventh Amendment.

4. Plaintiff's claims are barred by applicable statues of limitations and should be dismissed.

5. To the extent that all or some of Plaintiff's claims of damages are caused by failure to mitigate and/or comparative fault they should be limited as such.

6. To the extent that Plaintiff has failed to state a claim for which relief can be granted Plaintiff's Third Amended Complaint should be dismissed.

WHEREFORE Defendant, WEXFORD HEALTH SORUCES, INC., having fully answered Plaintiff's Third Amended Complaint (Doc. 123), respectfully requests to be dismissed with cost to Plaintiff and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Jaclyn Kinkade
    Attorneys for Defendants, BHARAT SHAH,
    M.D., WEXFORD HEALTH SOURCES,
    INC., and LORETTA WILFORD

Jaclyn Kinkade
MO Bar 63935
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2018, I electronically filed the foregoing Answer to Plaintiff's Third Amended Complaint with the Clerk of the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago IL 60607
jon@loevy.com
Katie@loevy.com
mike@loevy.com
loevylaw@loevy.com
sarah@loevy.com


Rachel D. Schwarzlose
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
rschwarzlose@atg.state.il.us

/s/ Jaclyn Kinkade