IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| GERRY ARMBRUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 0544 |
| | ) | |
| WEXFORD HEALTH SOURCES, *et al.*, | ) | Judge Michael J. Reagan |
| | ) | |
| Defendants. | ) | Mag. Judge Stephen C. Williams |

# Exhibit 18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER, #S02006, | ) |
| Plaintiff, | ) ) ) |
| -vs- | )   No. 16-544-MJR-SCW |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) |
| Defendants. | ) |

### DEFENDANT VITALE'S RESPONSE TO
### PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

Defendant, RONALD VITALE, by and through his counsel, LISA MADIGAN, Attorney General for the State of Illinois, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby states, as follows:

1. Admit that spinal cord compression is a serious medical condition.

**RESPONSE: Defendant objects to the above request on foundational grounds, as Defendant is not a doctor and is not and has never been qualified to diagnose spinal cord compression, expound on its symptoms, treatment, or effects, or otherwise opine on whether a specific medical diagnose is a serious medical condition. Defendant admits that if an inmate is diagnosed with spinal cord compression and medical staff determines that treatment is necessary, that may be considered a serious medical condition. Defendant otherwise lacks foundation sufficient to determine if the diagnosis of spinal cord compression would determine that a layperson would be able to determine an individual so diagnosed would require medical attention.**

2. Admit that you were deliberately indifferent to Gerry Armbruster's serious medical needs.

**RESPONSE: Defendant denies being deliberately indifferent to Gerry Armbruster's**

**serious medical needs.**

3. Admit that Gerry Armbruster had spinal cord compression as of May 14, 2014.

**RESPONSE: Defendant objects to the above request on foundational grounds, as Defendant is not a doctor and is not and has never been qualified to diagnose spinal cord compression. Regardless of any reasonable inquiry, Defendant could not admit or deny the assertions in this request as Defendant is not qualified to diagnose Plaintiff with spinal cord compression on May 14, 2014 or on any other date.**

4. Admit that Gerry Armbruster did not have spinal cord compression as of May 14, 2014.

**RESPONSE: Defendant objects to the above request on foundational grounds, as Defendant is not a doctor and is not and has never been qualified to diagnose spinal cord compression. Regardless of any reasonable inquiry, Defendant could not admit or deny the assertions in this request as Defendant is not qualified to diagnose Plaintiff with spinal cord compression on May 14, 2014 or on any other date.**

**5.** Admit that you did not talk to medical staff about Gerry Armbruster's medical issues or treatment at any point between May 1, 2014 and September 25, 2014.

**RESPONSE: Defendant admits he did not speak with medical staff regarding Plaintiff's medical issues or treatment between May 1, 2014 and September 25, 2014.**

6. Admit that you did talk to medical staff about Gerry Armbruster's medical issues or treatment on one or more occasions between May 1, 2014 and September 25, 2014.

**RESPONSE: Defendant denies he spoke with medical staff regarding Plaintiff's medical issues or treatment between May 1, 2014 and September 25, 2014.**

7. Admit that Gerry Armbruster told you on one or more occasions between May 1, 2014 and September 25, 2014 that he was not receiving medical treatment that addressed his symptoms.

**RESPONSE: Despite reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the assertions of the above request, as he has been approached by a number of inmates through the course of his employment regarding medical treatment and, when so approached, would refer that individual to medical staff either by suggesting they utilize the sick call procedure or direct correspondence to a nurse or doctor. Therefore Defendant can neither admit nor deny being approached by Plaintiff with complaints about medical treatment between May 1, 2014 and September 25, 2014.**

8. Admit that Gerry Armbruster did not tell you, at any point between May 1, 2014 and September 25, 2014, that he was not receiving medical treatment that addressed his symptoms.

**RESPONSE: Despite reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the assertions of the above request, as he has been approached by a number of inmates through the course of his employment regarding medical treatment and, when so approached, would refer that individual to medical staff either by suggesting they utilize the sick call procedure or direct correspondence to a nurse or doctor. Therefore Defendant can neither admit nor deny being approached by Plaintiff with complaints about medical treatment between May 1, 2014 and September 25, 2014.**

9. Admit that you saw Gerry Armbruster experiencing difficulty ambulating when you encountered him on one or more occasions between May 1, 2014 and September 25, 2014.

**RESPONSE: Defendant denies observing Plaintiff experiencing difficulty ambulating between May 1, 2014 and September 2014.**

10. Admit that you did not see Gerry Armbruster experience any difficulty ambulating when you encountered him on one or more occasions between May 1, 2014 and September 25, 2014.

**RESPONSE: Defendant admits he did not observe Plaintiff experiencing difficulty**

**ambulating between May 1, 2014 and September 2014.**

        Respectfully Submitted

        RONALD VITALE,

            Defendant,

        LISA MADIGAN, Attorney General,
        State of Illinois

            Attorney for Defendant,

        By: _s/Max Boose_____
           MAX BOOSE
           Assistant Attorney General

Max Boose, #6320334
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 782-9014 Phone
(217) 782-8767 Fax
Email: mboose@atg.state.il.us

FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER, #S02006, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 16-544-MJR-SCW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, the foregoing document, *Defendant Vitale's Response to Plaintiff's First Set of Requests to Admit*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Arthur Loevy | loevylaw@loevy.com |
| Jon Loevy | jon@loevy.com |
| Katherine Roche | katie@loevy.com |
| Michael Kanovitz | mike@loevy.com |
| Sarah Copeland Grady | sarah@loevy.com |
| Timothy Dugan | tdugan@cassiday.com |
| Carla Tolbert | ctolbert@cassiday.com |

s/ Max Boose
MAX BOOSE
Assistant Attorney General

Max Boose, #6320334
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 782-9014 Phone
(217) 782-8767 Fax
mboose@atg.state.il.us