IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| GERRY ARMBRUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 0544 |
| | ) | |
| WEXFORD HEALTH SOURCES, *et al.*, | ) | Judge Michael J. Reagan |
| | ) | |
| Defendants. | ) | Mag. Judge Stephen C. Williams |

# Exhibit 24

041402/19344/TPD

## U.S. DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH CARE, INC., WARDEN PARKER, HOHNSBEHN, BHARAT SHAH and LE ANDA DAVIS,<br><br>Defendants. | No. 3:16-cv-00544-MJR-SCW<br><br>Judge Michael J. Reagan<br><br>Magistrate Judge Stephen C. Williams |

### DEFENDANT WEXFORD HEALTH SOURCES, INC.'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys CASSIDAY SCHADE LLP, pursuant to this Court's Order of March 1, 2018 (Doc. 95) and for their Supplemental Answers to Plaintiff's First Interrogatories propounded by plaintiff, GERRY ARMBRUSTER #S02006, states as follows:

### Interrogatories

3. Please identify all Complaints (including any Complaints that are presently pending) alleging that you or any of your employees provided inadequate medical care or access to medical care, in violation of the Constitution of the United States, which was sustained, resulted in a jury verdict against you, or resulted in a payment by you or your insurer. For each such Complaint, state:

    a. The date each Complaint was filed;
    b. A detailed description of the nature of each Complaint;
    c. A case number or other identifying number of each Complaint; and
    d. How each Complaint was resolved, including any discipline imposed in connection with each Complaint.

ANSWER: Defendant objects to this Interrogatory as over broad in scope, subject matter and time, irrelevant, unduly burdensome, exceeds the scope of the FRCP and. To the extent "Complaint" refers to a legal pleading, equally available to plaintiff as the requested information is a matter of public record. FRCP 26(b); FRE 401, 402, 404.

**SUPPLEMENTAL ANSWER: Pursuant to this Court's Order of March 1, 2018, (Doc. 95), Defendant states as follows: Wexford did not become the vendor for health care services at Southwestern Illinois Correctional Center until September 1, 2011. Any lawsuits regarding conduct prior to that day would have been against the prior vendor and its employees. The individual Defendants have already identified their lawsuit histories in Dr. Shah's responses to interrogatory no. 4, and Phyllis Maston's responses to interrogatory no. 2. Wexford is not aware of any suits against the corporation filed between September 2011 and September 2014, though it is possible the corporate entity was named as a defendant and terminated on Merit Review in which case Wexford would have no knowledge that suit had been filed.**

4. Under oath, please identify every Communication that you have had with any Person, including but not limited to Plaintiff and any of the Individual Defendants, relating to the Plaintiff and any of the allegations, events, or circumstances described in Plaintiff's Second Amended Complaint. For each such Communication, please: (a) provide the substance of the Communication; (b) identify when and with whom the Communications occurred; (c) identify everyone involved in the Communication; and (d) provide the date of the Communication. Please note that your answer to this interrogatory should include any Communication or interaction that you had with Plaintiff at any point in time and should describe any medical treatment or medication that you provided to Plaintiff, if any. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your Communications responsive to this Interrogatory are contained in the Documents that you reference.

ANSWER: Defendant objects to this Interrogatory as overbroad, unduly burdensome, and requesting information protected by the attorney-client, insurer-insured and work product privileges. FRCP 26(b); ATTORNEY CLIENT PRIVILEGE: *Buckman v. Colunibus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Ill. 1983); WORK PRODUCT DOCTRINE: *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 110, 432 N.E.2d 250, 253 (Ill. 1983) ("Accordingly we hold that attorneys' notes and memoranda of oral conversations with witnesses or employees are not routinely discoverable."); INSURER/INSURED PRIVILEGE: *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 1718 (Ill. 1960) *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990). Further, this Interrogatory is vague and ambiguous as to the meaning of "you," as this Defendant is a corporation and unable to directly communicate with anyone including the Plaintiff. Subject to and without waiving the aforementioned

objections, Defendant will supplement in accordance with the Federal Rules of Civil Procedure and Orders of the Court.

**SUPPLEMENTAL ANSWER: Pursuant to this Court's Memorandum and Order of March 1, 2018 (Doc. 95) Defendant states as follows: Defense counsel has had telephonic and/or email and/or mail communications with potential expert witnesses in this case. Defendant has not yet identified which of the witnesses will testify at trial. Communications with the witnesses who testify at trial will be provided in accordance with the Federal Rules of Civil Procedure and the Scheduling Order issued by this Court. The identities of and subject of communications with non-testifying consultants constitute attorney work product and are protected from disclosure. None of the experts/potential experts have yet generated a report.**

6.  For any Affirmative Defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Please provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

ANSWER: Defendant objects to this Interrogatory as overbroad, unduly burdensome, FRCP 26(b), and premature, FRCP33(a)(2). Defendant further objects as this Interrogatory requests information that is potentially protected by the attorney-client privilege, insurer-insured privilege, and/or work product. ATTORNEY CLIENT PRIVILEGE: *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 120 (Iii. 1983); WORK PRODUCT DOCTRINE: *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 110, 432 N.E.2d 250, 253 (Ill. 1983) ("Accordingly we hold that attorneys' notes and memoranda of oral conversations with witnesses or employees are not routinely discoverable."); INSURER/INSURED PRIVILEGE: *People v. Ryan,* 30 I11.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960) *Claxton v. Thackston,* 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990).

**SUPPLEMENTAL ANSWER: Pursuant to this Court's Memorandum and Order of March 1, 2018 (Doc. 95), Defendant states as follows: Plaintiff's original Complaint (Doc. 1) was filed on May 16, 2016. Named Defendants in the original Complaint included IDOC, Wexford, the Warden, the Health Care Unit Administrator and Dr.**

3

Shah. The Court's Merit Review Order (Doc. 6) dismissed all Defendants other than Dr. Shah. None of the individual nurses were named in Plaintiff's original Complaint. Per the Plaintiff's complaint (Doc. 1) he was released from custody on September 15, 2014. No cause of action could accrue after that date. Plaintiff's Amended Complaint (Doc. 33) was filed on October 18, 2016, more than two years after Mr. Armbruster was released from custody. The First Amended Complaint added as defendants Loretta Wilford, Phyllis Maston, Rhonda Bennett, Susan Hardin, and Lynn Johnson. While the caption of the First Amended Complaint references "unknown Wexford employees", the body of the Amended Complaint makes no reference to the conduct of said unknown employees nor describes anything that they did or did not do. Defendant Le Anda Davis was not added as a defendant until the Second Amended Complaint was filed on January 13, 2017 (Doc. 58). See Plaintiff's medical records for the specific dates of treatment by each of the defendants, many of which were more than two years prior to their being named as a defendant in this case. Plaintiff's grievance materials may also be relevant in this analysis.

With respect to the failure to mitigate, Plaintiff's surgery (as reflected in his medical records and the March 26, 2015 letter from Dr. Bailey), took place on September 26, 2014. In January of 2015, Mr. Armbruster was seen in the emergency department at Gateway Regional Medical Center. He had a normal neurological examination at that time. However, Plaintiff now complains that he has since developed some residual neurological problem as a result of the Defendants' conduct. Because the January 2015 neuro exam was normal, Defendants believe there was some other interceding or intervening injury or disease process that caused plaintiff's residual neurological problems, if any. Plaintiff also failed to advise his healthcare providers of relevant past medical/neurological history and failed to abide by the recommendations of prior treating physicians. See Plaintiff's IDOC Medical Records, Plaintiff's Gateway Regional Medical Center Records, Plaintiff's records from SSM St. Mary's/Dr. Bailey and Plaintiff's IDOC rap sheet.

7.  Given the sum total of your personal knowledge of the policies, practices, and customs of Wexford and the IDOC that were in place at Southwestern between January 2014 and the present, did any of the Defendants, or any other Person involved in any way in providing or denying Plaintiff medical care or access to medical care act inconsistently with any policy, custom, or practice of Wexford or the IDOC? If you answer is anything other than an unqualified "no," please:

    a.    Identify any particular policy, custom, or practice which was violated;
    b.    Describe the circumstances and manner in which said policy, custom, or practice was violated; and
    c.    State whether any discipline resulted from that violation.

ANSWER: Defendant objects to this Interrogatory as overbroad, unduly burdensome, and requesting information protected by the attorney-client, insurer-insured and work product privileges. FRCP 26(b); ATTORNEY CLIENT PRIVILEGE: *Buckman_v. Columbus-Cabrini Med. Ctr.,* 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.,* 89 Ill. 2d 103, 120 (Ill. 1983); WORK PRODUCT DOCTRINE: *Consolidation Coal Co. v. Bucyrus-Eric Co.,* 89 Ill. 2d 103, 110, 432 N.E.2d 250, 253 (Ill. 1983) ("Accordingly we hold that attorneys' notes and memoranda of oral conversations with witnesses or employees are not routinely discoverable."); INSURER/INSURED PRIVILEGE: *People v. Ryan,* 30 Ill.2d 456, 461, 197 N.E.2d 15, 1718 (Ill. 1960) *Claxton v. Thackston,* 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990). Further, this Interrogatory is vague and ambiguous as to the meaning of "your personal knowledge" as this Defendant is a corporation. Subject to and without waiving the aforementioned objections, Defendant is not aware of any policy, custom, or practice that was violated. Investigation is ongoing.

**SUPPLEMENTAL ANSWER: Pursuant to this Court's Memorandum and Order of March 1, 2018 (Doc. 95), Defendant states as follows: While the Defendant, as a corporation, cannot memorize all of the policies and procedures it has promulgated nor the AD's and ID's of the Illinois Department of Corrections, based on information known to date, Defendant is not aware of any individual acting inconsistently with any relevant policy, custom or practice of Wexford or the IDOC in the rendering of care to the Plaintiff.**

12. Do you contend that another individual or entity other than yourself is responsible for ensuring that prisoners at Southwestern receive adequate medical treatment? If so, state the entire factual basis for that contention.

ANSWER: Defendant objects to this Interrogatory as overbroad, exceeds the scope of the rules of discovery and the Court's Trial Practice and Schedule [Doc. 32]. and unduly burdensome. FRCP 26(b). Defendant further objects as this Interrogatory is requesting information that is potentially protected from discovery by the attorney-client, insurer-insured and work product privileges. ATTORNEY CLIENT PRIVILEGE: *Buckman v. Columbus-Cabrini Med. Ctr.,* 272 Ill.App.3d 1060, 1066, 651 N.E.2d 767, 771 (1st Dist. 1995); *Consolidation Coal Co. v. Bucyrus-Eric Co.,* 89 Ill. 2d103, 120 (Ill. 1983); WORK PRODUCT DOCTRINE: *Consolidation Coal Co. v. Bucyrus-Eric Co.,* 89 Ill. 2d 103, 110, 432 N.E.2d 250, 253 (Ill. 1983) ("Accordingly we hold that attorneys' notes and memoranda of oral conversations with witnesses or employees are not routinely discoverable."); INSURER/INSURED PRIVILEGE: *People v. Ryan,* 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960) *Claxton v. Thackston,* 201 Ill.App.3d 232, 235, 559 N.E.2d

82, 85 (1st Dist. 1990). Subject to and without waiving the aforementioned objections, prison officials at Southwestern Illinois Correctional Center and the inmates themselves have responsibility for ensuring inmates receive adequate medical treatment.

**SUPPLEMENTAL ANSWER:** Pursuant to this Court's Memorandum and Order of March 1, 2018 (Doc. 95), Defendant states as follows: The provision of medical care at the prison is a team effort. In addition to medical staff, prison administrators and security staff members at Southwestern Illinois Correctional Center and the inmates themselves have certain duties and responsibilities for ensuring inmates receive adequate medical treatment. For example, if an inmate is acutely injured in his cell, it is generally the responsibility of security staff to notify medical personnel of the injury and/or bring the injured party to the Health Care Unit. Similarly, it is incumbent upon the patient to accurately describe his or her medical history and symptoms so that appropriate care and treatment may be provided and to follow the recommendations of his or her healthcare providers.

CASSIDAY SCHADE LLP

By: _____
Attorneys for Defendant, BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., LORETTA WILFORD, PHYLLIS MASTON, RHONDA BENNETT, LYNNE JOHNSON, SUSAN HARDIN, and LE ANDA DAVIS

Timothy P. Dugan
ARDC No. 6271610
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
tdugan@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answers to Interrogatories was served upon the following attorneys of record and pro se parties by depositing the same in the U.S. mail in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on March 13, 2018. Under penalties as provided by law, I certify that the statements set forth herein are true and correct:

Max Boose
Assistant Attorney General
500 South Second Street
Springfield IL 62706

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Loevy & Loevy
312 North May, Suite 100
Chicago IL 60607

Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago IL 60607

8599012 CTOLBERT;SBOHLEN