IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| GERRY ARMBRUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 0544 |
| | ) | |
| WEXFORD HEALTH SOURCES, *et al.*, | ) | Judge Michael J. Reagan |
| | ) | |
| Defendants. | ) | Mag. Judge Stephen C. Williams |

# Exhibit 25

041402/19344/TPD

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006, | |
| Plaintiff, | |
| v. | No. 3:16-cv-00544-MJR-SCW |
| ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH CARE, INC., WARDEN PARKER, HOHNSBEHN, BHARAT SHAH and LE ANDA DAVIS, | Judge Michael J. Reagan<br><br>Magistrate Judge Stephen C. Williams |
| Defendants. | |

## DEFENDANT LORETTA WILFORD'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant, LORETTA WILFORD, by and through her attorneys CASSIDAY SCHADE LLP, pursuant to this Court's Order of March 1, 2018 (Doc. 95) and for her Supplemental Answer to Interrogatories propounded by plaintiff, GERRY ARMBRUSTER #S02006, states as follows:

### Interrogatories

5. For any Affirmative Defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Please provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

ANSWER: Defendant objects to this Interrogatory as overbroad, unduly burdensome, premature, and requesting information protected by insurer-insured and work product privileges. FRCP 26(b); WORK PRODUCT DOCTRINE: *Consolidation Coal Co. v. Bucyrus-Eric Co.*, 89 Ill. 2d 103, 110, 432 N.E.2d 250, 253 (Ill. 1983) ("Accordingly we hold that attorneys' notes and memoranda of oral conversations with witnesses or employees are not routinely discoverable."); INSURER/INSURED PRIVILEGE: *People v. Ryan*, 30 Ill.2d 456, 461, 197 N.E.2d 15, 17-18 (Ill. 1960); *Claxton v. Thackston*, 201 Ill.App.3d 232, 235, 559 N.E.2d 82, 85 (1st Dist. 1990). Subject to and without waiving the aforementioned objections, Defendant refers Plaintiff to her answer to his amended complaint and his IDOC medical records produced to counsel.

**SUPPLEMENTAL ANSWER:** Pursuant to this Court's Memorandum and Order of March 1, 2018 (Doc. 95), Defendant states as follows: Plaintiff's original Complaint (Doc. 1) was filed on May 16, 2016. Named Defendants in the original Complaint included IDOC, Wexford, the Warden, the Health Care Unit Administrator and Dr. Shah. The Court's Merit Review Order (Doc. 6) dismissed all Defendants other than Dr. Shah. None of the individual nurses were named in Plaintiff's original Complaint. Per the Plaintiff's complaint (Doc. 1) he was released from custody on September 15, 2014. No cause of action could accrue after that date. Plaintiff's Amended Complaint (Doc. 33) was filed on October 18, 2016, more than two years after Mr. Armbruster was released from custody. The First Amended Complaint added as defendants Loretta Wilford, Phyllis Maston, Rhonda Bennett, Susan Hardin, and Lynn Johnson. While the caption of the First Amended Complaint references "unknown Wexford employees", the body of the Amended Complaint makes no reference to the conduct of said unknown employees nor describes anything that they did or did not do. Defendant Le Anda Davis was not added as a defendant until the Second Amended Complaint was filed on January 13, 2017 (Doc. 58). See Plaintiff's medical records for the specific dates of treatment by each of the defendants, many of which were more than two years prior to their being named as a defendant in this case. Plaintiff's grievance materials may also be relevant in this analysis.

With respect to the failure to mitigate, Plaintiff's surgery (as reflected in his medical records and the March 26, 2015 letter from Dr. Bailey), took place on September 26, 2014. In January of 2015, Mr. Armbruster was seen in the emergency department at Gateway Regional Medical Center. He had a normal neurological examination at that time. However, Plaintiff now complains that he has since developed some residual neurological problem as a result of the Defendants' conduct. Because the January 2015 neuro exam was normal, Defendants believe there was some other interceding or intervening injury or disease process that caused plaintiff's residual neurological problems, if any. Plaintiff also failed to advise his healthcare providers of relevant past medical/neurological history and failed to abide by the recommendations of prior treating physicians. See Plaintiff's IDOC Medical Records, Plaintiff's Gateway

Regional Medical Center Records, Plaintiff's records from SSM St. Mary's/Dr. Bailey and Plaintiff's IDOC rap sheet.

6. Given the sum total of your personal knowledge of the policies, practices, and customs of Wexford and the IDOC that were in place at Southwestern between January 2014 and the present, did any of the Defendants, or any other Person involved in any way in providing or denying Plaintiff medical care or access to medical care act inconsistently with any policy, custom, or practice of Wexford or the IDOC? If you answer is anything other than an unqualified "no," please:

   a. Identify any particular policy, custom, or practice which was violated;
   b. Describe the circumstances and manner in which said policy, custom, or practice was violated; and
   c. State whether any discipline resulted from that violation.

ANSWER: Defendant objects to this Interrogatory as overly broad, unduly burdensome, not limited in scope, premature, and not relevant at this time. FRCP 26(b); 33(a)(2); FRE 401, 402.

SUPPLEMENTAL ANSWER: Pursuant to this Court's Memorandum and Order of March 1, 2018 (Doc. 95), Defendant states as follows: While the Defendant has not memorized all of the Wexford policies and procedures that have been promulgated nor the AD's and ID's of the Illinois Department of Corrections, based on information known to date, Defendant is not aware of any individual acting inconsistently with any relevant policy, custom or practice of Wexford or the IDOC in the rendering of care to the Plaintiff.

CASSIDAY SCHADE LLP

By: _____
Attorneys for Defendant, BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., LORETTA WILFORD, PHYLLIS MASTON, RHONDA BENNETT, LYNNE JOHNSON, SUSAN HARDIN, and LE ANDA DAVIS

Timothy P. Dugan
ARDC# 6271610
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
tdugan@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Supplemental Answers to Interrogatories was served upon the following attorneys of record and pro se parties by depositing the same in the U.S. mail in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on March 13, 2018. Under penalties as provided by law, I certify that the statements set forth herein are true and correct:

Max Boose
Assistant Attorney General
500 South Second Street
Springfield IL 62706

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Loevy & Loevy
312 North May, Suite 100
Chicago IL 60607

Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
311 North Aberdeen Street, Third Floor
Chicago IL 60607

8600919 CTOLBERT;SBOHLEN