IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 0544 |
| WEXFORD HEALTH SOURCES, et al., | ) Hon. Michael J. Reagan, Judge |
| Defendants. | ) Hon. Stephen C. Williams, M.J. |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff, Gerry Armbruster, by and through his attorneys, Loevy & Loevy, hereby responds to the motion for sanctions filed by Defendants Shah, Wilford, and Wexford Health Sources, Inc. (the Wexford Defendants) (Dkt. 170), stating as follows:

**INTRODUCTION**

Local Rule 7.1 allows for the filing of reply briefs "only in exceptional circumstances" and requires the filing party to state those circumstances in the brief. S.D. Ill. L.R. 7.1(c). Seeking enforcement of that rule, Plaintiff moved to strike Defendant Vitale's reply brief and the Wexford Defendants' reply brief and response to Plaintiff's statement of material facts. Dkt. 165; Dkt. 166. In a two-page brief devoid of case law or evidence, the Wexford Defendants now ask this Court to impose sanctions on Plaintiff for filing his motion to strike. Dkt. 170.

Defendants accuse Plaintiff's counsel of filing their motion to strike "needlessly to increase the cost of litigation." Dkt. 170 ¶ 4. Yet Defendants have offered no legal or factual support for their accusation that Plaintiff's motion is so

baseless that Rule 11 sanctions are warranted. This fact alone is fatal to Defendants' motion.

Local Rule 7.1 makes clear that the Southern District of Illinois disfavors reply briefs, and sets out particular parameters. This Court is permitted to enforce those local rules, or to disregard them in its discretion. But regardless of the choice this Court makes on Plaintiff's motions, there can be no dispute that Plaintiff's request to this Court to enforce its local rules is well within the bounds of proper advocacy. This Court should accordingly deny Defendants' motion for sanctions.

## DISCUSSION

Defendants argue that Plaintiff's motion to strike violates Federal Rule of Civil Procedure 11(b)'s requirement that motions not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b). Defendants bear the burden of establishing the Rule 11 violation and the propriety of sanctions. *Signature Retail Servs., Inc. v. Darnell*, 2013 WL 1767716, at *2 (N.D. Ill. Apr. 24, 2013); *Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, 2011 WL 5373975, at *6 (N.D. Ill. Nov. 4, 2011) (movant bears a "high burden of showing that Rule 11 sanctions are warranted").

To meet their burden, Defendants must demonstrate that objectively, "the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc'y v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006). "Even when a court has ruled that a party has been 'wrong on the law,'

sanctions do not flow inevitably." *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015); *see also Fed. Deposit Ins. Corp. v. Tekfen Constr. & Installation Co.*, 847 F.2d 440, 444 (7th Cir. 1988) (Rule 11 "must be used with utmost care and caution"); *Brown v. Fed'n of State Med. Bds.*, 830 F.2d 1429, 1437 (7th Cir. 1987) ("sanctions should not be lightly imposed"). "A pleading, motion or other paper well grounded in fact and law cannot be sanctioned . . ." *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 950 (E.D. Cal. 2005). In other words, Rule 11 sanctions are "reserved for only exceptional circumstances in which the claim or motion is patently unmeritorious or frivolous." *Pegasus Consulting Grp. v. Admin. Review Bd. for the Dep't of Labor, Wage & Hour Div.*, 2008 WL 920072, at *7 (D.N.J. Mar. 31, 2008).

Plaintiff's motion to strike is amply supported by the facts and case law in this District and should be granted. Yet even if the Court declines to grant the motion, Defendants have offered no support for their assertion that Plaintiff's motion to strike is so groundless that it warrants the imposition of sanctions. Accordingly, they have not met their high burden to show why Rule 11 sanctions should be imposed.

I.   **Plaintiff's Motion to Strike Is Legally and Factually Sound.**

After Plaintiff filed his response to Defendants' motions for summary judgment, the Wexford Defendants asked for leave to file a 10-page reply brief to address (a) certain prisoner grievances that Plaintiff had submitted in support of his response, and (b) the effect that granting Plaintiff's motion to amend his

3

complaint would have on summary judgment. Dkt. 159 ¶¶ 2-3; *see also id.* ¶ 4 (noting that the length of Plaintiff's response brief warranted filing an oversized reply brief). The Court granted that motion, permitting the filing of a reply brief "up to 10 pages in length." Dkt. 160.

On August 15, 2018, however, the Wexford Defendants filed two documents totaling 22 pages in length. Dkt. 161; Dkt. 162. The Wexford Defendants' reply brief did not focus solely on the topics that they told this Court necessitated a reply, but rather included arguments (nearly identical to those in their opening motion) about whether there is evidence to support the elements of Plaintiff's claims against each Defendant.[1] Dkt. 162 at 1-2 (serious medical need), 3-6 (deliberate indifference of Shah and Wilford), 8 (injury), 9 (failure to protect claim). In fact, only 5 paragraphs of Defendants' reply brief are devoted to a discussion of the grievances and proposed amended complaint—the only "exceptional circumstances" raised in Defendants' motion for leave to file a reply.

That was improper. Reply briefs, which are disfavored in this District, must set forth the exceptional circumstances that necessitate a reply, and be limited to arguments addressing those circumstances. *See Nat'l Fire & Marine Ins. Co. v. Lindemann*, 2018 WL 3421073, at *1 (S.D. Ill. July 13, 2018) (looking at arguments set forth in reply brief to determine whether exceptional circumstances are present); *Phillips v. Wellpoint Inc.*, 2013 WL 12051012, at *1 (S.D. Ill. Apr. 2, 2013) (enforcing

---

[1] Plaintiff obviously disagrees with those arguments, but in compliance with Local Rule 7.1(c)'s prohibition on sur-reply briefs, will not address those arguments on their merits.

4

local rule and permitting defendants to file a reply brief limited to addressing any exceptional circumstances); *cf. United States v. Rollins*, 2011 WL 4737078, at *1 (S.D. Ill. Oct. 5, 2011) (exceptional circumstances include a change in law or facts since the filing of the initial motion). Defendants' reading of Local Rule 7.1—that so long as an exceptional circumstance is present, Defendants are free to discuss all aspects of summary judgment in their reply brief—is not supported by the text or purpose of the rule, or the decisions of courts in this District interpreting it.

Similarly, Defendants' 12-page "Response to Plaintiff's Statement of Material Facts," Dkt. 161, was inappropriate under Federal Rule of Civil Procedure 56 and this Court's local rules. Although it bears the title of "response," Defendants' filing was clearly a reply. *Phillips*, 2013 WL 12051012, at *1 (recognizing movant's "response" to non-movant's filing as a reply); *Fuller v. United States*, 2012 WL 130192, at *1 (S.D. Jan. 17, 2012) (construing petitioner's motion for leave to respond to government's response as request to file reply brief). And courts in this District have recognized that no Federal Rule or local rule entitles a party moving for summary judgment to file a standalone response to the non-movant's statement of contested facts. *Carl v. Parmely*, 188 F. Supp. 2d 991, 997 (S.D. Ill. 2001) (denying defendants' request to file response to plaintiff's statement of facts and declining to consider them at summary judgment); *see also Shearrer v. Union Pacific R.R. Co.*, 2010 WL 1540113, at *3 (S.D. Ill. Apr. 15, 2010) (granting motion to strike movant's response to non-movant's "[a]llegations" of fact, which was filed separately from the reply brief).

Defendants contend that sanctions for the filing of Plaintiff's motion to strike are appropriate because in their motion for leave to file an oversized reply brief, they mentioned their intent to file a response to Plaintiff's statements of fact in a footnote.[2] *See* Dkt. 159 at 2 n.1. But Defendants did not seek leave to file this document, and the Court's order did not grant them any such leave. To the contrary, the express terms of this Court's order, permitting Defendants to file a reply brief (singular) "up to 10 pages in length" suggests that the 12-page standalone filing was not in compliance with this Court's order. Dkt. 160.

Defendants' contention that this Court implicitly, and silently, acknowledged and condoned their filing is meritless. The Seventh Circuit has repeatedly warned counsel that it is insufficient to raise issues solely in a footnote. *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012); *Dresser Indus., Inc. v. Waukesha Engine Div. v. Gradall Co.*, 965 F.2d 1442, 1448 (7th Cir. 1992). And Defendants cannot plausibly contend that when a court grants a motion asking for specified relief, it is condoning every assertion made in the motion and granting permission (even when not requested) to take other actions raised only in a footnote.[3]

---

[2] Defendants also argue that Plaintiff's motion to strike is baseless (and therefore sanctionable) because he did not file a response to Defendants' motion for excess pages in the three hours between the time Defendants' motion was filed and the time the motion was granted. But Plaintiff's motion does not attack the *number* of pages in Defendants' reply—the only relief sought by Defendants in their motion. Instead, Plaintiff's motion is based on the fact that the contents of the reply strayed far from the grounds raised in Defendants' motion, and the filing of Dkt. 161 without leave of court.

[3] Such a rule would place an incredible burden on the Court to microscopically examine each filing to ensure there is no assertion in it that is objectionable for any reason.

6

In sum, this District's precedents, and the facts surrounding the motions filed and ruled upon in this case, demonstrate that Plaintiff's motion is factually and legally supported, and should be granted.

## II. Defendants' Failure to Provide Legal or Factual Support for Their Motion Is Fatal.

Plaintiff recognizes that this Court has discretion to either enforce the local rules or excuse Defendants' noncompliance. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013). But even if the Court declines to grant Plaintiff's motion to strike, sanctions are far from axiomatic. *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 860. As noted above, sanctions are only appropriate if Defendants show that Plaintiff's motion is patently frivolous or groundless. Defendants have not met this burden.

Both Defendants' motion for sanctions and their response to Plaintiff's motion to strike, incorporated by reference, fail to cite a single case. Dkt. 169; Dkt. 170. Additionally, they have offered no evidence or other factual support for their baseless accusation. Instead, they simply contend in conclusory fashion that their filings were appropriate, and consequently, any motion arguing otherwise must have been filed for an improper purpose. Dkt. 170.

This conclusory, unsupported argument cannot possibly meet their burden under Rule 11 to warrant an imposition of sanctions.[4] Indeed, a review of the case

---

*See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[4] Worse still, it is not clear whether Defendants are seeking sanctions against Plaintiff himself or Plaintiff's counsel. *Compare* Dkt. 170 ¶ 1 (discussing the imposition of

7

law indicates that it is Defendants' position—not Plaintiff's—that lacks legal support. *See supra* pp. 3-6.

Simply put, Plaintiff has asked this Court to strictly enforce its local rules, and strike the Wexford Defendants' self-styled "response" to Plaintiff's statements of fact and portions of the Wexford Defendants' reply brief. This Court has discretion to grant or deny Plaintiff's request, but the Wexford Defendants have made no showing that the filing of Plaintiff's request itself is sanctionable. Accordingly, Defendants' motion for sanctions should be denied.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Jon Loevy
Sarah Grady
Katie Roche
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
sarah@loevy.com

---

sanctions on counsel), *with id.* ¶ 4 (requesting that the Court sanction Plaintiff). *See Termini v. Lake Cnty. Bd. of Comm'rs*, 2011 WL 1158549, at *2 (N.D. Ind. Mar. 28, 2011) (noting that Rule 11 does not appear to permit an award of sanctions against a represented party).

8

## **CERTIFICATE OF SERVICE**

      I, Sarah Grady, an attorney, certify that on October 1, 2018, I caused the foregoing Plaintiff's Response to Defendants' Motion for Sanctions to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

      /s/ Sarah Grady
      Sarah Grady
      Attorney for Plaintiff