U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006,<br>        Plaintiff, | |
| v. | No. 3:16-cv-00544-MJR-MAB |
| WEXFORD HEALTH CARE, INC.;<br>BHARAT SHAH; RON VITALE; LORETTA<br>WILFORD, | Judge Michael J. Reagan<br>Magistrate Judge Mark A. Beatty |
|         Defendants. | |

## DEFENDANTS' MOTION TO STRIKE

COME NOW Defendants BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., and LORETTA WILFORD, by and through their attorneys, CASSIDAY SCHADE LLP, and pursuant to Federal Rule of Civil Procedure 12(f)(2), hereby submit their Motion to Strike, stating as follows:

1. Expert disclosures were due in this matter on May 3, 2018. (Doc. 100).

2. Discovery in this matter closed on June 1, 2018. (Doc. 87).

3. Trial is set in this matter for March 11, 2019. (Doc. 155).

4. On June 22, 2018, Defendants filed a Motion for Summary Judgment on the merits of Plaintiff's claims, which is currently pending. (Doc. 132).

5. More than 6 months later, on December 28, 2018, Plaintiff disclosed a report purporting to be a summary of an examination of Plaintiff by Dr. Charles Mannis on October 29, 2018. Additionally, Plaintiff disclosed 1600 pages of expert reports from *Lippert v. Ghosh, et al.,* NDIL 10-4603. Plaintiff endorsed no new witnesses at that time.

6. On January 4, 2019, approximately 2 months before the trial setting, Plaintiff's counsel produced a 28 page consent decree from *Lippert* and 61 pages of a Social Security

Administration Decision and Documents. Plaintiff also endorsed Dr. Charles Mannis and Dr. Adrian Feinerman.

7. Although the parties disclosed experts during discovery, Plaintiff did not disclose Dr. Charles Mannis or Dr. Adrian Feinerman as experts in this matter. Similarly, Plaintiff did not disclose any expert that created a report in the *Lippert* case at any time. As expert disclosures were due more than 8 months ago, Plaintiff's endorsements are untimely and should be stricken. To allow Plaintiff to endorse expert witnesses 2 months before trial and more than 7 months after the close of discovery would prejudice Defendants and potentially delay the proceedings.

8. With regard to Dr. Mannis' report, this Court already ruled that Defendants' request for an Independent Medical Examination by Defendants' Expert, Dr. Petkovich, was untimely as of May 5, 2018, when discovery was still ongoing. (Doc. 104). Certainly, Plaintiff's disclosure nearly 8 months later is untimely and should be stricken from the record in this case.

9. With regard to the *Lippert* expert reports and consent decree, as explained above, this disclosure is also untimely as discovery has closed and summary judgment is pending. Further, Defendants object to any reference to or use of the *Lippert* reports or consent decrees whatsoever as they are wholly irrelevant and inadmissible in this matter. *Lippert* is a class action lawsuit against the Illinois Department of Corrections regarding medical and dental care. In this case, the Court ordered an expert under Federal Rule of Evidence 706 to address certain allegations in the case. Significantly, the Order appointing an expert to complete the report expressly provides "[t]he Expert, his consultants and assistants shall not provide opinion and/or testimony in unrelated cases based on knowledge and/or information gained in the course of performing their services in this matter." NDIL 10-4603, (Doc. 244, p. 2). In addition, well-

settled law prohibits a plaintiff from introducing evidence on other similar incidents absent a clear demonstration of substantially similarity between plaintiff's claims and such claims or incidents. *See, e.g., Ross v. Black & Decker, Inc.,* 977 F.2d 1178, 1185 (7th Cir. 1993) (internal citations omitted). Merely showing two cases involving complaints of inadequate medical care does not represent a clear demonstration of substantially similarity between Plaintiff's claims and other claims or incidents. *Id*. Here, the claims, parties, and allegations are not substantially similar to *Lippert*. Regardless, as Plaintiff did not disclose such evidence or witnesses during the extensive discovery time frame permitted by the Court, any mention of or reference to the *Lippert* reports or consent decree would constitute irrelevant, inadmissible hearsay and would lack proper foundation. FRE 602; FRE 802; *Shawn Lucas v. Dr. Fenolgia and Wexford Health Source, Inc.,* SDIL, 14-1008, (Doc. 123); *See Diaz v. Chandler*, 2016 U.S. Dist. LEXIS 35450 (N.D. Ill. Mar. 18, 2016). Therefore, these records should be stricken.

10. Plaintiff's disclosures and endorsements are clearly untimely, in violation of the Court's Scheduling Orders, and in violation of the Federal Rules of Evidence. Accordingly, Defendants move this Court to strike Plaintiff's December 28, 2018 and January 4, 2019 disclosures and endorsements.

WHEREFORE, for the above reasons, BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., and LORETTA WILFORD respectfully request this Honorable Court grant their Motion to Strike and such further relief as deemed appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: */s/ Jaclyn Kinkade*
    Attorneys for Defendants BHARAT SHAH,
    M.D., WEXFORD HEALTH SOURCES,
    INC., and LORETTA WILFORD

Jaclyn Kinkade
MO Bar 63935
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

4

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Adair Crosley, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, IL 60607
jon@loevy.com
Katie@loevy.com
mike@loevy.com
loevylaw@loevy.com
sarah@loevy.com
adair@loevy.com

Rachel D. Schwarzlose
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
rschwarzlose@atg.state.il.us

                       */s/ Jaclyn Kinkade*