**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| GERRY ARMBRUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 0544 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | Hon. Michael J. Reagan, C.J. |
| | ) | |
| Defendants. | ) | Hon. Mark A. Beatty, M.J. |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION *IN LIMINE*
REGARDING TESTIMONY FROM DEFENSE EXPERT DR. FRANK PETKOVICH**

Plaintiff, Gerry Armbruster, by his attorneys, hereby respectfully requests leave to file a motion *in limine* regarding the admissibility of certain testimony from one of Defendants' experts, Dr. Frank Petkovich. In support of his request, Plaintiff states as follows:

As part of their defense, the Wexford Defendants have disclosed an orthopedic expert, Dr. Frank Petkovich, to offer opinions about Plaintiff's treatment at Southwestern Illinois Correctional Center, his spinal cord compression, and his recovery following Plaintiff's spinal surgery in September 2014 after he was released. Plaintiff does not seek to bar Dr. Petkovich from trial altogether nor does he challenge a number of his opinions.

But Plaintiff does seek the opportunity to raise three discrete issues regarding Dr. Petkovich's opinions prior to trial. Plaintiff is mindful that this Court's "Case Management Procedures" specify that *Daubert* motions should be filed by the dispositive motions deadline—in this case, June 22, 2018. Chief Judge Michael J. Reagan, "Case Management Procedures," *available at* http://www.ilsd.uscourts.gov/documents/Reagan.pdf. No party filed a *Daubert* motion by that date, although Defendants did seek summary judgment in their favor. *See* Dkt. 87.

This Court has wide discretion to excuse noncompliance with local rules like this Court's case management procedures. *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). And Plaintiff respectfully requests that it do so here for a number of reasons. First, the issues raised in Plaintiff's proposed motion *in limine* are discrete and do not seek total exclusion of Defendants' expert. To the contrary, Plaintiff's proposed motion challenges just three categories of testimony, none of which are likely to require a *Daubert* hearing to resolve. *Rutz v. Novartis Pharma. Corp.*, 2013 WL 1412276, at *1 (S.D. Ill. Apr. 8, 2013) (explaining that the Court requires *Daubert* motions to be filed with dispositive motions in part so that there is adequate time to hold a *Daubert* hearing).

This Court should also grant Plaintiff leave to file his motion *in limine* because otherwise the parties (and the Court) will be forced to address the admissibility of Dr. Petkovich's testimony in the midst of trial, which may cause unnecessary delay, or (if the Court precludes Plaintiff from raising any objection to Dr. Petkovich's testimony whatsoever) the jury will be permitted to hear clearly improper opinion testimony by Dr. Petkovich about who in this case is more believable. *See*, *e.g.*, Wright & Miller, Fed. Practice & Proc. § 6265.2 ("[C]ourts generally exclude expert opinion as to whether a witness is or is not telling the truth.") (collecting cases); *Goodwin v. MTD Prods., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000) ("credibility determinations are within the province of the trier of fact"); *see also Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009) ("[w]e have not required that the *Daubert* inquiry take any specific form" including in a pretrial motion *in limine*); *Brown v. Burlington Nn. Santa Fe Ry. Co.*, 765 F.3d 765, 772 (7th Cir. 2014) (it is the party seeking to introduce expert testimony who must establish that Rule 702's requirements have been met prior to its admission); *cf. Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, 2011 WL 863391, at *2 (denying motion to strike expert as

untimely in part because "since this matter is scheduled for a bench trial, there is no danger of improperly influencing the jury with testimony that may ultimately be stricken or disregarded under *Daubert*").

In sum, because the issues in Plaintiff's proposed *Daubert* motion *in limine* are discrete and are unlikely to require a hearing, and because it is preferable to resolve that motion in advance of trial (rather than risk delay or admission of clearly improper testimony), Plaintiff respectfully requests that this Court grant him leave to file the attached motion *in limine* and resolve the challenged testimony before trial.

Respectfully submitted,

/s/ Sarah Grady
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Sarah Grady
Katie Roche
Adair R. Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Sarah Grady, an attorney, hereby certify that on January 17, 2019, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

Respectfully submitted,

/s/ Sarah Grady
Attorney for Plaintiff