U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006,<br>Plaintiff, | |
| v. | No. 3:16-cv-00544-MJR-MAB |
| WEXFORD HEALTH CARE, INC.;<br>BHARAT SHAH; RON VITALE; LORETTA<br>WILFORD, | Judge Michael J. Reagan<br>Magistrate Judge Mark A. Beatty |
| Defendants. | |

## <u>DEFENDANTS' MOTION IN LIMINE</u>

COME NOW Defendants BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., and LORETTA WILFORD, by and through their attorneys, CASSIDAY SCHADE LLP, and for their Motions in Limine, move to exclude any evidence of, mention of, or reference to the following evidence:

1.      Any application for insurance, insurance policy, or statement, evidence, or testimony concerning whether Defendants may have insurance in connection with Plaintiff's claim or any reference to any coverage dispute or indemnity agreement between any of the parties to this action.   FRE 411. The rule prohibiting evidence of insurance coverage was adopted "to address the concern that 'knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds.'" *Fidelity Natl. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co*., No. 00-c-5658, 2003 WL 2005233, *2 (N.D. Ill. April 30, 2003), *citing* Advisory Committee Notes to FRE 411. It is the Plaintiff's burden to establish that an exception to Rule 411 exists. *Id.* The certificate and/or policy of insurance should be excluded because of the prejudicial nature of the information, and the danger that such evidence will mislead the jury and confuse the issues. FRE 403.

GRANTED: _____        DENIED: _____

2.      Any medical treatment provided to other inmates, including but not limited to any grievances filed by other inmates alleging inadequate medical care. Well-settled law prohibits a plaintiff from introducing evidence on other similar incidents absent a clear demonstration of substantially similarity between plaintiff's claims and such claims or incidents. *See, e.g., Ross v. Black & Decker, Inc.,* 977 F.2d 1178, 1185 (7th Cir. 1993) (internal citations omitted). The Court must weigh the factors favoring admissibility against the risks of unfairness, confusion, and undue expenditure of time in trying collateral issues. *Nachtsheim v. Beech Aircraft Corp.,* 847 F.2d 1261, 1269 (7th Cir. 1988).  As the differences in circumstances and conditions between the two situations increase, the probative force of any such evidence decreases. *Id.*  The party offering the proffered evidence has the burden of proof in establishing the similarity of a specific set of facts to the injury-causing incident.  *Id.* at 128.  Plaintiff has not set forth any evidence of any other substantially similar treatment provided to inmates; therefore, this Court should not permit him to present evidence of any to the jury. FRE 403(b)(1).  Furthermore, this testimony would constitute inadmissible hearsay as it would be an out of court statement offered to prove the truth of the matter asserted.  FRE 801, 802.  Lastly, any testimony regarding the inadequacy of other inmates' medical care is not only irrelevant, but would also be an improper opinion as Plaintiff has not endorsed anyone with the requisite knowledge, education, and training that has given such an opinion.  FRE 403, 701.  Therefore, this testimony should be barred.

GRANTED: _____            DENIED: _____

3.      Defendants anticipate that Plaintiff may try to testify regarding statements that were made to him by non-party medical providers, including but not limited to previous parties voluntarily dismissed by Plaintiff. Any statements purportedly made by non-party medical providers that are not reflected in the medical records are inadmissible hearsay. *Bombard v. Ft.*

*Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996). Such statements do not fall under any exception to the hearsay rule, including the "statements made for purposes of medical diagnosis or treatment" exception which only applies to statements made *to* medical professionals, not statements made *by* medical professionals. *Bombard v. Ft. Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996) (emphasis added). Thus, any statements purportedly made by a non-party should be barred.

GRANTED: _____     DENIED: _____

4.     Any documents, testimony, or other evidence concerning allegations, investigations, claims, discipline, employment testing, lawsuits, lawsuit settlements, or incidents that may be used as "bad acts" asserted against any Defendant, by any other person or entity, including but not limited to any other patient or state medical board. FRE 404(b)(1).  This motion also includes any prisoner grievances filed against any Defendant or any employment action taken against or discussed with a Defendant as it is inadmissible character evidence and hearsay.  FRE 404(b)(1), 801, 802.  Further, evidence or testimony on these subjects is irrelevant and substantially more prejudicial than probative as it makes no element of Plaintiff's claims more likely thus it should be barred. FRE 401, 402, 403.

GRANTED: _____     DENIED: _____

5.     Plaintiff should be prohibited from admitting evidence of medical or other technical literature to the jury because such literature is generally prohibited as hearsay. *See, e.g., Goldberg v. Dep't of Prof'l Regulation*, 771 N.E.2d 1075, 1083 (Ill. App. 1 Dist. 2002), FRE 801, 802, 803(18).  In addition, any such medical literature Plaintiff has not provided in discovery and listed in his pretrial disclosures should not be allowed at trial in order to avoid prejudice and surprise to the Defendants.  FRCP 26(a).

GRANTED: _____          DENIED: _____

6.      Plaintiff's witnesses who are not physicians or have not otherwise been qualified as expert witnesses should not be permitted to offer testimony requiring specialized knowledge, education, or training. FRE 702.  This includes Plaintiff himself, Warden Ronald Vitale, and any lay witnesses.   Defendants anticipate Plaintiff may try to testify when he had a spinal cord compression or other testimony related to the diagnoses and treatment and future effects, if any, related to his spinal cord compression.  Plaintiff does not have training in medicine and has not been qualified as an expert witness. Plaintiff should not be permitted to offer testimony regarding his condition as such testimony requires specialized knowledge, education, or training. FRE 701, 702. Therefore, this Court should prohibit any such testimony.

GRANTED: _____          DENIED: _____

7.      Plaintiff's endorsed family medicine expert, Dr. Brown, should be barred from testifying, including via his authorized report, to matters outside his expertise.  Defendants do not dispute that Dr. Brown can testify to matters of family medicine, but he is not an orthopedic surgeon or a neurosurgeon, thus he lacks the foundation to opine on matters requiring orthopedic or neurological expertise, including but not limited to when Plaintiff first developed a spinal cord compression, Plaintiff's recovery from surgery, and Plaintiff's anticipated future impairments, if any. FRE 702.  (Doc. 133-7, 6:10-7:4; 9:11-24; 32:1-4).  In fact, Dr. Brown admittedly lacks the foundation to opine on Plaintiff's recovery from surgery and Plaintiff's anticipated future impairments.  (Doc. 133-7, 132:19-133:16; 134:17-135:14).  The Court must determine whether a witness has expert qualifications on specific matters requiring specialized knowledge. *See Ancho v. Pentek Corp.,* 157 F.3d 512, 515-17 (7th Cor. 1998) (excluding expert who did not possess requisite expertise in plant design).  If a witness does not have the requisite knowledge,

education, or experience, he or she should not testify on matters that require such expertise. *See Id.*   Therefore, this Court should prohibit any such testimony from Dr. Brown outside his expertise. FRE 701, 702.

GRANTED: _____          DENIED: _____

8.      Any testimony from Dr. Brown that Dr. Shah performed no neurological testing on Plaintiff would be an improper opinion.  Dr. Brown's testimony is not based on the Plaintiff's testimony, Dr. Shah's testimony, or the documentation in the medical records, but instead is based on Dr. Brown's preference for how such testing should be documented.  (Doc. 133-7, 48:24-50:20; 78:10-79:2; 80:4-18; 94:12-95:7; 103:3-14).  As the parties agree that Dr. Shah performed some neurological testing, Dr. Brown's contrary opinions are irrelevant and improper and will confuse the jury.   FRE 403, 701, 702; (Doc. 133-4, 61:21-64:1).

GRANTED: _____          DENIED: _____

9.      Plaintiff should be barred from questioning nursing witnesses or Defendant Wilford regarding areas outside their nursing practice, including but not limited to diagnosing and treating a spinal cord compression or asking them to opine on a doctor's medical decision. 225 ILCS 65/50-10; 225 ILCS 65/50-25; 735 ILCS 5/2-622; 735 ILCS 5/8-2501; *Cummings v. Jha*, 394 Ill. App.3d 439, 451 (5th Dist. 2009).   *Quoting Alm v. Loyola University Medical Center*, 373 Ill.App. 3d 1, 6, 866 N.E.2d 1243, 310 Ill. Dec. 641 (2007); *Sullivan v. Edward Hosp.*, 335 Ill.App. 3d 265, 269 (2nd Dist. 2002); *Shanks v. Memorial Hosptial*, 170 Ill. App.3d 736, 739, 525 N.E.2d 177 (5th Dist. 1988); *Shasteen v. Shelby Mem. Hosp.*, 2011 Il. App. Unpub. LEXIS 158 *12, 405 Ill. App. 3d 1222, 997 N.E.2d 1019 (5th Dist. 2011).   Further, as a nurse cannot diagnose or treat a spinal cord compression, questioning on this area will mislead

5

and confused the jury to believe otherwise, thus misrepresenting the law and Plaintiff's claim. FRE 403.   Accordingly, it should be barred.  FRE 403.

GRANTED: _____          DENIED: _____

10.      Any prior lawsuits against Dr. Sanders and Dr. Petkovich would be improper character evidence, more prejudicial than probative, and would mislead the jury.   FRE 403, 404(b).  Specifically, Defendants disclosed Dr. Sanders as an expert internist in this matter.   At Dr. Sanders' deposition he testified that he was previously named in a lawsuit regarding a spinal cord compression, but there was no verdict against him or admission of liability.   Given the nature of the previous claim, any testimony regarding this lawsuit will confuse the jury and mislead them to think that there was such a determination or admission.  Further, this testimony could only be used improperly as implication of a prior bad act, thus it is substantially more prejudicial than probative.  As such, the Court should bar this testimony or at a minimum bar the nature of the allegations in the previous lawsuit to minimize the prejudice to Defendants.  FRE 403, 404(b).

GRANTED: _____          DENIED: _____

11.      The grievances, complaint, affidavits, letters and other documents demonstrating Plaintiff's intent to commence this action and/or descriptions of the medical care at issue written by Plaintiff are inadmissible hearsay and should be barred from being entered into evidence as part of the Plaintiff's case-in-chief. Because these items are Plaintiff's out of court statements offered as conclusive proof of the assertions therein, they are inadmissible hearsay. FRE 801, 802.   Further, these statements are self-serving and contain improper opinions and legal conclusions.  As such, these should be barred.  FRE 403, 701.

GRANTED: _____          DENIED: _____

12.     Any documents, exhibits, affidavits or other evidence not produced within the timeframe allotted for discovery in this matter should be excluded. FRCP 26(a).  Defendants filed a Motion to Strike with the Court regarding Plaintiff's December 28, 2018 and January 4, 2019 disclosures and endorsements filed well after discovery closed and while summary judgment was pending.  For judicial economy, Defendants incorporate by reference the facts and argument in their Motion to Strike as if fully stated herein.  (Doc. 173).  Accordingly, this evidence should be barred.

GRANTED: _____        DENIED: _____

13.     The *Lippert* expert reports, consent decrees, or any other documents related to opinions or findings regarding prisoner medical care in another case as they are wholly irrelevant, were untimely disclosed, constitute irrelevant, inadmissible hearsay, and no endorsed witness has the proper foundation to introduce such evidence. FRE 401, 402, 403, 602, 701, 801, 802.   In fact, these reports have routinely been excluded from evidence, including in the Southern District of Illinois. *Shawn Lucas v. Dr. Fenolgia and Wexford Health Source, Inc.,* SDIL, 14-1008, (Doc. 123); See Tyrell Watkins v. Dennis Larson, et al., SDIL, 17-60, (Doc. 130); *See Diaz v. Chandler*, 2016 U.S. Dist. LEXIS 35450 (N.D. Ill. Mar. 18, 2016).  Defendants previously briefed these issues in their Motion to Strike. For judicial economy, Defendants incorporate by reference the facts argument in their Motion to Strike as if fully stated herein. (Doc. 173).  Accordingly, this evidence should be barred.

GRANTED: _____        DENIED: _____

14.     Settlement negotiations or any lack thereof in this case, or in any other cases or matters.  Such testimony is irrelevant and admission of settlement negotiations undermines the public policy favoring out-of-court settlement. FRE 401, 402, 408.

GRANTED:_____        DENIED: _____

15.     Plaintiff should be barred from offering into evidence any Illinois Department of Corrections or Southwestern Illinois Correctional Center directives, policies, or protocols, Wexford policies, protocols, or guidelines, and the contract between the Illinois Department of Corrections and Wexford as they are irrelevant, substantially more prejudicial than probative, and they constitute hearsay.  FRE 801, 802, 401, 402, 403.

In *Thompson v. City of Chicago*, 472 F.3d 444, 446 (7th Cir. 2006), the plaintiff's decedent died following a struggle with police officers. The plaintiff sued several Chicago officers, alleging, among other things, excessive force in violation of the Fourth Amendment. *Id.* The trial court granted the defendants' pretrial motion in *limine* to exclude the Chicago Police Department's General Orders concerning the appropriate use of force, concluding they were irrelevant and substantially more prejudicial than probative. *Id.* at 453. The Seventh Circuit affirmed the exclusion of this evidence as irrelevant to whether the officers used reasonable force.  *Id.* at 454; *See also Whren v. United States*, 517 U.S. 806, 815 (1996) (holding police manuals, guidelines, or general orders are not reliable gauges of what is reasonable); *See also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (recognizing §1983 protects plaintiffs from constitutional violations, not violations of state laws, departmental regulations, or police practices).

Similarly, in *Edwards v. Staniec*, an inmate appealed a district court's order excluding administrative regulations regarding the use of restraints and corporal punishment at trial for the purpose of establishing the defendants' conduct violated his constitutional rights. 389 Fed. Appx. 523, 526 (7th Cir. 2010) (non-precedential disposition). In affirming the district court, the Seventh Circuit held that "the relevant issue at trial was, as a matter of the federal

constitution's ban on cruel and unusual punishment, [whether] the officers used force maliciously and sadistically and not for the purpose of restoring order." *Id.* The court further concluded, citing *Thompson* and *Scott*, that the regulations "were not relevant to this federal issue and therefore could have led to confusion of the relevant issues, a proposition we have repeatedly affirmed in the context of excessive-force cases." *Id.* at 526.

Consistent with the above opinions, this Court should conclude that administrative regulations, policies, protocols, and contracts are not relevant to Plaintiff's claims as they do not make any element of Plaintiff's claims more likely than not. Even assuming *arguendo* that a Defendant violated a contract, policy, or regulation, it would not create a reasonable inference that the Defendant's actions were unreasonable or that the Defendant is liable under any of Plaintiff's claims. Conversely, there is a substantial danger of unfair prejudice from admitting said evidence for any purpose. "Evidence is unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis . . . rather than on the evidence presented." *Whitehead v. Bond,* 680 F.3d 919, 930 (7th Cir. 2012). If the jury is presented with contracts, policies, or directives that may govern a Defendant's conduct, the jury is likely to decide the case based on whether a Defendant fulfilled the employment obligations. However, that is not the correct standard and would mislead and confuse the jury as to the applicable legal standard, thereby lowering the Plaintiff's burden in this case. As such, the above should be barred.

GRANTED: _____        DENIED: _____

16.    Any statement, testimony, or argument about Wexford Health Sources, Inc. being a for-profit corporation, a "big" corporation or company, "evil" or a "bad" company, or similar descriptors is irrelevant and prejudicial to the Defendants. FRE 401, 402, 403. Furthermore,

opinions about the corporation are irrelevant improper opinions and improper character evidence. FRE 401, 402, 403, 701.  Additionally, if Defendant Wexford is dismissed from this matter on summary judgment, in addition to the above, any testimony related to Wexford whatsoever is substantially more prejudicial than probative and will mislead to jury to believe that Wexford is a defendant.  FRE 403.

      GRANTED: _____        DENIED: _____

      Respectfully submitted,

      CASSIDAY SCHADE LLP

      By:  /s/ Jaclyn Kinkade_____
            Attorneys for Defendants BHARAT SHAH,
            M.D., WEXFORD HEALTH SOURCES,
            INC., and LORETTA WILFORD

Jaclyn Kinkade
MO Bar 63935
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, I electronically filed the foregoing with the Clerk of the Southern District of Illinois using the CM/ECF system.  The electronic case filing system sent a "Notice of E-Filing" to the following:

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Adair Crosley, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, IL 60607
jon@loevy.com
Katie@loevy.com
mike@loevy.com
loevylaw@loevy.com
sarah@loevy.com
adair@loevy.com

Rachel D. Schwarzlose
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
rschwarzlose@atg.state.il.us

*/s/ Jaclyn Kinkade*