IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 0544 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) Hon. Michael J. Reagan, C.J. |
| | ) |
| Defendants. | ) Hon. Mark A. Beatty, M.J. |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO
BAR REFERENCE TO PRIOR ARRESTS, CONVICTIONS,
AND OTHER BAD ACTS OF PLAINTIFF AND THIRD-PARTY WITNESSES**

Plaintiff, Gerry Armbruster, by his attorneys, hereby respectfully requests that this Court bar evidence or reference to Plaintiff's and other third-party witnesses' prior arrests, convictions, or other bad acts. In support of his motion, Plaintiff states as follows:

**INTRODUCTION**

Federal Rule of Evidence 609 governs admission of criminal convictions. It provides for admission of such evidence only to attack a witness's character for truthfulness. Fed. R. Evid. 609(a). Admission of felonies that do not involve dishonesty or false statements are subject to the constraints of Rule 403, which in relevant part excludes evidence whose probative value is substantially outweighed by a danger of unfair prejudice or misleading the jury. Fed. R. Evid. 403, 609(a)(1)(A). Against this backdrop, the Seventh Circuit has explained that "courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992).

Nearly two years ago, Plaintiff served an interrogatory to each Defendant asking them to identify the convictions of any party or witness and the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Plaintiff's interrogatory

warned Defendants that he would seek to bar any convictions not identified in response to Plaintiff's proper discovery request. In response, the Wexford Defendants have identified only three convictions[1]—all pertaining to Plaintiff—for burglary, residential burglary and aggravated battery. Defendant Vitale responded by stating only that he is aware that Plaintiff is a convicted felon. Accordingly, pursuant to Federal Rule of Civil Procedure 37, this Court should bar any attempt by Defendants to introduce evidence of any convictions of any other of Plaintiff's witnesses because they were not properly disclosed.

This Court should also bar Defendants from introducing evidence of the particular nature of Plaintiff's felony convictions, as the substantial prejudice that their introduction would inflict substantially outweighs the marginal probative value these convictions have on Plaintiff's ability to testify honestly. It will be obvious to the jury that Plaintiff was imprisoned between May and September of 2014 when he suffered the neurological symptoms at issue in this case, and thus this Court should limit the evidence of Plaintiff's convictions to the fact that Plaintiff has been convicted of one or more felonies.

Finally, this Court should also bar any attempts by Defendants to introduce evidence of arrests, prison discipline or other "bad acts" by Plaintiff or any of his witnesses because introduction of any such evidence is improper under Federal Rule of Evidence 404(b) and would invite the jury to decide Plaintiff's case based on its assessment of Plaintiff's witnesses' character rather than the facts.

---

[1] In fact, the Wexford Defendants do not mention *any* felony in their interrogatory response. But that response refers to a print-out produced by Defendants from the Illinois Department of Corrections's "Inmate Search" pertaining to Plaintiff. The document lists a number of convictions, but only three of them occurred within the last 10 years. Because Defendants have not offered reasonable advance written notice of any intent to use any of the other convictions, Plaintiff assumes that Defendants agree they are inadmissible. Fed. R. Evid. 609(b).

## DISCUSSION

**I.     This Court Should Bar Evidence of Any Convictions of Plaintiff's Third-Party Witnesses Pursuant to Federal Rule of Civil Procedure 37.**

On July 27, 2017[2], Plaintiff issued the following interrogatory to each Defendant:

> Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses in this action. For each such responsive conviction, identify the Person who has been convicted and the nature of the conviction, and the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move in limine to bar any references to convictions not identified in the manner requested.

Ex. A (Plaintiff's 1st Set of Interrog. to Individual Defendants) at 2 (No. 4); Ex. B (Plaintiff's 1st Set of Interrog. to Wexford) at 2-3 (No. 5); Ex. C (Plaintiff's 2nd Set of Interrog. to Shah) at 3 (No. 6). Defendants Wexford, Shah, and Wilford responded that none were known to them other than the convictions listed on Plaintiff's IDOC search page, attached as an exhibit to Shah's Answers. *See* Ex. D (Shah's Resp. to Pl.'s 2nd Set of Interrog.) at 4; Ex. E (Wexford's Resp. to Pl.'s 1st Set of Interrog.) at 4; Ex. F (Wilford's Resp. to Pl.'s 1st Set of Interrog.) at 4. Defendant Vitale responded that he is "not personally aware of the convictions of other parties and witnesses, except that I am aware that Plaintiff is a convicted felon as he is incarcerated." Ex. G (Vitale's Resp. to Pl.'s 1st Set of Interrog.) at 2-3. Defendants have not supplemented or amended their responses to this interrogatory, and they have not produced any documents related to any convictions of Plaintiff's third-party witnesses.

Federal Rule of Civil Procedure 37(c)(1) prohibits a party who has failed to disclose information in compliance with Rule 26(e) from using that evidence at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Musser v. Gentiva Health*

---

[2] Plaintiff served this interrogatory to Defendant Shah on May 12, 2017.

*Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("[E]xclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."); *see also David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Defendants cannot show substantial justification or harmlessness and thus the Court must exclude any evidence of the convictions of Plaintiff's third-party witnesses.

Defendants have had nearly two years to disclose the convictions that they intended to introduce at trial. They have not and cannot now show substantial justification for failing to supplement their interrogatory responses at any point up to the present. *See Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 WL 2953063, at *2 (N.D. Ill. July 19, 2012) (Rule 26(e) does not allow a party to wait to supplement its discovery responses until fact discovery is closed and trial is approaching). It was obvious that several of the witnesses Plaintiff disclosed were convicted of one or more crimes: many of them are witnesses *because* of their time in prison with Plaintiff or their own experiences being denied medical care by Wexford. *See, e.g.*, *Sigle v. City of Chicago*, 2013 WL 1787579, at *6 (N.D. Ill. Apr. 25, 2013) (party could not show substantial justification because information was publicly available); *Civix-DDI, LLC v. Hotels.com, LP*, 2011 WL 181342, at *3 (N.D. Ill. Jan. 19, 2011) (same). Further, Plaintiff's counsel confirmed with Defendants' counsel that some of Plaintiff's witnesses were current and former prisoners more than seven months prior to the filing of this motion. Because this information was known to the parties, Defendants can provide no reason why they did not supplement their interrogatory responses to include any convictions of Plaintiff's third-party witnesses.

Nor was Defendants' failure to supplement their interrogatory responses harmless. The Wexford Defendants represented in discovery that they knew of no responsive convictions other

4

than those listed for Plaintiff on the IDOC website, and Defendant Vitale said he was aware only that Plaintiff was "a convicted felon as he is incarcerated." *See*, *e.g.*, Ex. B at 2-3, Ex. G at 2-3. Relying on Defendants' response and their disclosure responsibilities, Plaintiff did not investigate the status or admissibility of any of his witnesses' convictions (nor examine whether those convictions should be excluded pursuant to Rule 403). *Sigle*, 2013 WL 1787579, at *7 (information withheld during discovery not harmless where it would have prompted party to conduct follow-up discovery) (collecting cases); *see also Bates v. Sullivan*, 2016 WL 1637990, at *2 (N.D. Ind. Apr. 25, 2016) ("[T]he goal of the rules governing discovery [is] to prevent trial by ambush"). Defendants should not be permitted to introduce evidence about convictions at trial that they have withheld throughout discovery, especially in a case like this one where Plaintiff has expressly stated his intention to bar any such evidence that has not been disclosed.

To this day, Defendants have not supplemented their discovery responses. Perhaps that is because Defendants do not intend to introduce evidence of the criminal convictions of Plaintiff's third-party witnesses. If so, the Court should grant Plaintiff's motion as agreed. If, however, Defendants argue for the first time in response to this motion *in limine* that they intend to introduce such evidence, this Court must grant Plaintiff's motion under Rule 37(c)(1) because there is no substantial justification for the nondisclosure and because such evidence is not harmless.

## II. This Court Should Exclude Discussion of the Specific Nature of Plaintiff's Felony Convictions Pursuant to Federal Rule of Evidence 403.

This Court should also bar Defendants from introducing evidence of the particular nature of Plaintiff's felony convictions—i.e., that those convictions were for burglary, residential burglary, and aggravated assault. Federal Rule of Evidence permits admission of evidence regarding a witness's felony convictions (subject to Rule 403 balancing) *only* to attack a

5

witness's character for truthfulness. Fed. R. Evid. 609(a). And the Seventh Circuit has emphasized that Rule 403's balancing requirement has real meaning. *Gora*, 971 F.2d 1325, 1331 (7th Cir. 1992). In this case, that balancing counsels against admission of the particular nature of Plaintiff's felony convictions.

In weighing the probative value against the potential for unfair prejudice, courts look to the nature of the crime itself. *Moriconi v. Koester*, 2015 WL 328590, at *3 (C.D. Ill. Jan. 26, 2015) ("crimes involving violence tend to have a low probative value as to the truth telling ability of a witness"); *Coles v. City of Chicago*, 2005 WL 1785326, at *2-3 (N.D. Ill. July 22, 2005) (same); *see also Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985). Where there is a danger of unfair prejudice, the Seventh Circuit has approved of the practice of "sanitization" of evidence of prior convictions—i.e., permitting evidence that the witness was convicted of a felony but concealing the name of the crime. *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). That is what the Court should do in this case: permit Defendants to introduce evidence that Plaintiff has been convicted of three felonies, but bar discussion of the particular name of those felony convictions.

Plaintiff's prior criminal convictions have little to no probative value as to Plaintiff's truthfulness. None of the convictions at issue involve dishonesty or concealment. Instead, they involve violent or dangerous acts that could be completed without telling a single lie. As such, their bearing on Plaintiff's ability to tell the truth is miniscule at best. *See Earl v. Denny's, Inc.*, 2002 WL 31819021, at *2 (N.D. Ill. Dec. 13, 2002) ("Evidence of prior convictions is not admissible to 'stink up' a witness's character").

Despite the lack of probative value, these convictions pose a substantial danger of inflicting undue prejudice on Plaintiff's claims. Evidence that Plaintiff was previously convicted

6

of burglary and aggravated battery poses a risk of leading a jury to deny liability not on the merits of Plaintiff's claims, but instead based on its disapproval of his prior conduct. *See, e.g., Jones v. City of Chicago*, 2017 WL 413613, at *10 (N.D. Ill. Jan. 31, 2017) (excluding murder conviction); *Stanbridge v. Mitchell*, 2012 WL 1853483, at *2 (C.D. Ill. May 21, 2012) (excluding aggravated criminal sexual abuse conviction); *Coles*, 2003 WL 1785326, at *2-3 (excluding armed robbery conviction); *Earl*, 2002 WL 31819021, at *2-3 (excluding aggravated criminal sexual abuse conviction). In other words, there is a substantial danger that introduction of Plaintiff's prior convictions will lead the jury to view him as a "bad person" and improperly consider that evidence in deciding the merits of Plaintiff's claims. Avoiding this outcome is particular important in civil rights actions, which serve important "deterrent functions": "Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable [state actors]." *Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013).

Because the substantial risk of unfair prejudice to Plaintiff substantially outweighs the scant relevance that Plaintiff's convictions have on his penchant for truthfulness, this Court should bar discussion of the names of Plaintiff's felony convictions pursuant to Rule 403 and allow admission only of the fact that Plaintiff was previously convicted of three felonies.[3]

---

[3] Even if Plaintiff's motion to exclude his convictions is denied in its entirety, Defendants certainly cannot introduce *more* than the name, date, and fact of the felony convictions. *Gora*, 971 F.2d at 1330 ("[F]or purposes of challenging a witness's propensity for truth and veracity opposing parties cannot harp on a witness's past crime and in fact can elicit no more than the crime charged, the date, and the disposition.").

### III. Rule 404(b) Prohibits Admission of Evidence of Any Arrests, Prison Discipline, or Other "Bad Acts" by Plaintiff or His Witnesses.

Finally, this Court should bar Defendants from attempting to introduce any evidence or argument about any prior arrests, discipline while in prison, or other "bad acts" by Plaintiff or his witnesses. Under Rule 404(b), Defendants bear the burden to show that any potential prior bad act is relevant—i.e., that is bears on a material fact actually in dispute in the case. *United States v. Gomez*, 763 F.3d 845, 855 (7th Cir. 2014). Second, Defendants must also show that any prior bad acts are relevant for a purpose that does not rely on a propensity-based chain of reasoning. *Id.* at 856. Third, the Seventh Circuit has emphasized that in considering admission of "prior bad acts" evidence, courts must be particularly mindful of the potential for unfair prejudice. *Id.* at 857 ("Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference.").

Defendants have identified no other-acts evidence that can satisfy any of these three criteria. Defendants have offered no admissible evidence to establish the relevance of any bad acts of Plaintiff or his witnesses to the issues in dispute in this case and the only theoretical relevance of any such evidence would be based on an impermissible propensity inference. Finally, admission of any such evidence would inflict particular unfair prejudice to Plaintiff, who would already face an uphill battle if this trial was a battle of character, given his status as a prisoner. But this trial is not a battle of character and this Court should therefore bar admission of any arrests, prison discipline, or other "bad acts" by Plaintiff or his witnesses.

In sum, Plaintiff respectfully requests that this Court grant his motion and bar evidence of or reference to the prior arrests, convictions, or other bad acts of Plaintiff and his witnesses.

                    Respectfully submitted,

                    /s/ Sarah Grady
                    Sarah Grady
                    Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Sarah Grady
Katie Roche
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900

9

## **CERTIFICATE OF SERVICE**

   I, Sarah Grady, an attorney, certify that on January 18, 2019, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

               /s/ Sarah Grady
               Sarah Grady
               Attorney for Plaintiff