IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERRY ARMBRUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-544-MJR-MAB |
| | ) |
| BHARAT SHAH, RON VITALE, | ) |
| LORETTA WILFORD, and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter is currently before the Court on Plaintiff's Motion for Leave to Add Exhibit to His Third Amended Complaint (Doc. 145). For the reasons explained below, the motion is granted.

Plaintiff brings this civil rights lawsuit against Defendants Dr. Bharat Shah, Warden Ron Vitale, Nurse Loretta Wilford, and Wexford Health Sources, Inc. for denying him medical treatment for his spinal cord compression while he was incarcerated at Southwestern Correctional Center in 2014 (Doc. 123). In Count 3 of his Third Amended Complaint, Plaintiff alleges a medical malpractice claim under Illinois law against Dr. Shah and Wexford (Doc. 123). Under Illinois law, medical malpractice claims must be supported by an affidavit from the plaintiff's attorney and a written report from a qualified, licensed physician who has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILL. COMP. STAT. 5/2-

622(a). In an effort to comply with this requirement, Plaintiff attached to his complaint an affidavit from his attorney and a letter from Dr. Gregory Bailey, the physician who performed emergency surgery on Plaintiff following his release from the Illinois Department of Corrections (Doc. 123-1). Defendants, however, believe that Dr. Bailey's letter is inadequate to satisfy the requirements of § 2-622 because Dr. Bailey never reviewed any of Plaintiff's medical records from prison, his letter did not name Dr. Shah or discuss the specific deficiencies in the medical care he rendered, and because Dr. Bailey did not prepare his letter in anticipation of a medical malpractice claim, but instead prepared it to assist Plaintiff in applying for disability benefits (Docs. 133, 151). Defendants argue that because Plaintiff did not comply with the requirements of § 2-622, they are entitled to summary judgment on the medical malpractice claim (Docs. 132, 133).

In response to Defendants' motion for summary judgment, Plaintiff disputes that Dr. Bailey's letter is insufficient but nevertheless seeks leave to add an exhibit to his complaint, namely the report of his retained expert witness, Dr. Peter Brown, in order to bring his complaint into compliance with § 2-622 (Doc. 145; *see also* Doc. 157). Defendants oppose Plaintiff's request to amend his complaint and add Dr. Brown's report, arguing that Plaintiff's request is untimely, the amendment would "substantially prejudice" them, and Dr. Brown's report is not sufficient to support Plaintiff's claim against Wexford (Doc. 151).

Section 2–622 is a technical pleading requirement designed to screen and deter frivolous medical malpractice claims and to eliminate such claims during the pleadings stage, before the expenses of litigation have mounted. *E.g., DeLuna v. St. Elizabeth's Hosp.*,

588 N.E.2d 1139, 1142 (Ill. 1992). It is "not a substantive defense" which may be employed to bar plaintiffs who fail to meet its terms." *Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014) (quoting *Cammon v. W. Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 738–39 (Ill. App. Ct. 1998)). The plaintiff in a medical malpractice action should be allowed every reasonable opportunity to establish her case." *Cammon*, 704 N.E.2d at 739; *Moss v. Gibbons*, 536 N.E.2d 125, 129 (Ill. App. Ct. 1989). Accordingly, the statute should be liberally construed and not mechanically applied to deprive a plaintiff of his substantive rights merely because he has not strictly complied with the statute. *Hahn*, 762 F.3d at 634 (quoting *Cammon*, 704 N.E.2d at 739). *See also Apa v. Rotman*, 680 N.E.2d 801, 804 (Ill. App. Ct. 1997) ("The technical requirements of the statute should not interfere with the spirit or purpose of the statute, and the absence of strict technical compliance is one of form only and not one of substance.")

The determination of whether to allow amendment is left to the discretion of the trial court and depends on the particular facts and circumstances of the case. *Cato v. Attar*, 569 N.E.2d 1111, 1113 (Ill. App. Ct. 1991) (citations omitted). However, it must be noted that amendments to the complaint should be "liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities. The test is the furtherance of the ends of justice." *Apa*, 680 N.E.2d at 804; *Moss*, 536 N.E.2d at 129. It is also worth noting that the Seventh Circuit has expressed a preference for permitting amendment in situations such as this where a plaintiff has filed a flawed affidavit and report. *See Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000).

In this instance, given the facts and circumstances of the case, sound discretion

requires Plaintiff be afforded the opportunity to add an exhibit to his complaint to satisfy the requirements of § 2-622. First, Defendants do not argue, and the record is devoid of any suggestion, that Plaintiff's medical malpractice claim is in any manner frivolous (*see* Doc. 133). *See, e.g., Cookson v. Price*, 914 N.E.2d 229, 232 (Ill. App. Ct. 2009) (considering whether claim was potentially meritorious in deciding whether the trial court erred in not allowing plaintiff to amend complaint that did not comply with § 2–622); *Apa*, 680 N.E.2d at 805 (same).

Second, the Court disagrees with Defendants' assertion that Plaintiff's request to add Dr. Brown's report is untimely. According to Defendants, Plaintiff "should have been aware" that Dr. Bailey's letter did not satisfy the requirements of § 2-622 at the time he initially filed it and each subsequent time he amended his complaint, but Plaintiff unduly delayed in fixing the error for twenty-two months, until after discovery had closed and Defendants had moved for summary judgment (Doc. 151). While Plaintiff's request certainly comes late in the game, "delay is insufficient in itself to deny a medical malpractice plaintiff leave to amend." *Apa*, 680 N.E.2d at 805 (citing *Leask v. Hinrichs*, 595 N.E.2d 1343, 1348 (Ill. App. Ct. 1992). Plaintiff sought leave to provide a satisfactory medical report approximately five weeks after the original report was challenged (*see* Docs. 132, 133, 145). *See Leask*, 595 N.E.2d at 1348 (holding the trial court abused its discretion in dismissing claim with prejudice, in part, because plaintiff moved to amend the complaint by adding a detailed satisfactory medical report within a month of the defendant's challenge to the report). And Defendants did not put forth any convincing evidence or argument suggesting bad faith or abuse of the legal process on Plaintiff's part

in relying on Dr. Bailey's report in the first instance. *See, Hahn v. Walsh*, 72 F.3d 617, 634 (7th Cir. 2014) (considering whether the plaintiff acted in bad faith in deciding whether district court erred in not allowing plaintiff leave to amend complaint that did not comply with § 2–622); *Cookson*, 914 N.E.2d at 232 (same); *Apa*, 680 N.E.2d at 805 (same).

Third, Defendants failed to convincingly demonstrate they would be unduly prejudiced if Plaintiff were allowed to amend his complaint to add Dr. Brown's report. *See, e.g. Hahn*, 762 F.3d at 634 (considering prejudice to the other party in deciding whether district court erred in not allowing plaintiff leave to amend complaint that did not comply with § 2–622); *Christmas v. Dr. Donald W. Hugar, Ltd.*, 949 N.E.2d 675, 684 (Ill. App. Ct. 2011).

Defendants argue that the time and resources spent writing the summary judgment brief regarding the medical malpractice claim would be for naught and they would be forced to file a reply brief to add new arguments (Doc. 151). Defendants could have avoided the purported waste of time and resources, however, by challenging Dr. Bailey's letter during the pleadings stage. *DeLuna v. St. Elizabeth's Hosp.*, 588 N.E.2d 1139, 1142 (Ill. 1992) ("Section 2–622 is designed to . . . eliminate [frivolous] actions at an early stage, before the expenses of litigation have mounted.") While Defendants attempt to imply that the § 2-622 violation was not uncovered until Dr. Bailey was deposed two years into the case (*see* Doc. 133, Doc. 151), deficiencies in Dr. Bailey's letter were evident from the moment it was initially filed with Plaintiff's First Amen=P{}\-ded Complaint

(Doc. 33-1).[1] Defendants, however, opted to litigate the case for nearly two years, engaging in significant discovery along the way, before mounting their § 2-622 challenge as part of their motion for summary judgment (Doc. 133).

Defendants also claim they "were already prejudiced by defending a medical malpractice claim for 19 months based on an unknowledgeable health professional's letter" (Doc. 151). That would be true if Plaintiff's claim turned out to be frivolous, but as previously stated, nothing in the record suggests that Plaintiff's claim is even remotely frivolous. Lastly, Defendants claim they would be prejudiced by the addition of Dr. Brown's report because it wasn't produced to them "until after Defendants had disclosed their experts, less than a month before discovery closed, . . . and after all party depositions were taken" (Doc. 151). It is unclear to the Court how Defendants are possibly prejudiced by the timing of Dr. Brown's report, particularly in light of the fact Defendants were able to depose Dr. Brown about the contents of his report before the close of discovery (Doc. 145).

Finally, Defendants argue that allowing the amendment would not cure the deficiencies regarding Plaintiff's medical malpractice claim against Wexford (Doc. 151). Specifically, Defendants claim that because § 2-622 requires a separate report for each defendant, and Dr. Brown's report is silent as to Wexford, it cannot be used to support Plaintiff's medical malpractice claim against Wexford (Doc. 151). However, the Court is

---

[1] For example, as Defendants mentioned, Dr. Bailey's letter does not name Dr. Shah, let alone discuss the specific deficiencies in the medical care he rendered. *See, e.g., Cammon v. W. Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 738 (Ill. App. Ct. 1998).

under the impression that Plaintiff's medical malpractice claim against Wexford is based on vicarious liability as Dr. Shah's employer (*see* Doc. 123). "No report need be filed as to any defendant whose claimed liability is wholly vicarious provided that a report in compliance with section 2–622 has been filed as to the individuals whose conduct forms the basis of the vicarious liability." *Schroeder v. Nw. Cmty. Hosp.*, 862 N.E.2d 1011, 1021 (Ill. App. Ct. 2006) (citing *Cammon v. West Suburban Hospital Medical Center,* 704 N.E.2d 731, 738 (Ill. App. Ct. 1998)).

Given these findings, combined with the Seventh Circuit's preference for permitting amendment in this type of situation, the purpose of § 2-622 is best served by allowing Plaintiff to amend his complaint. To deny Plaintiff leave to amend would elevate § 2-622 to a substantive defense and force the Court to decide the medical malpractice claim based on a technicality rather than the merits. This, of course, is the precise situation repeatedly warned against by Illinois courts.

## Conclusion

Plaintiff's Motion for Leave to Add Exhibit to His Third Amended Complaint (Doc. 145) is **GRANTED**. The specifics of how Dr. Brown's report will be added to the Third Amended Complaint will be discussed at the status hearing set for Tuesday, January 29, 2019, before Magistrate Judge Mark A. Beatty. Judge Beatty will also discuss the potential for allowing Defendants to file a supplement to their motion for summary judgment regarding Plaintiff's medical malpractice claim.

**IT IS SO ORDERED.**

**DATED:** January 28, 2019

*s/ Michael J. Reagan*
**Michael J. Reagan**
**United States District Judge**
