# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERRY ARMBRUSTER,<br><br>        Plaintiff,<br><br>vs.<br><br>BHARAT SHAH, LORETTA WILFORD, and WEXFORD HEALTH SOURCES, INC.,<br><br>        Defendants. | Case No. 16-CV-544-SMY-MAB |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark Beatty (Doc. 219), recommending that the Motion for Summary Judgment filed by Defendants Bharat Shah, Loretta Wilford, and Wexford Health Sources, Inc. (Doc. 132) be granted in part and denied in part. Defendant Wilford filed a timely objection (Doc. 220). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED**.

### Background

Plaintiff Gerry Armbruster, a former inmate of the Illinois Department of Corrections, suffered a spinal cord compression while he was incarcerated at Southwestern Illinois Correctional Center ("SWICC"). In May 2014, Plaintiff began suffering from symptoms related to spinal cord compression, including numbness, loss of sensation in both hands, poor grip strength, tingling, and pain. From May 2014 until his release from SWICC in September 2014, Plaintiff frequently complained about his symptoms to medical personnel. Plaintiff alleges that

his symptoms and underlying condition were not properly diagnosed or treated despite his frequent and consistent complaints.

Plaintiff was released from SWICC on September 15, 2014. Eleven days following his release, Plaintiff went to the emergency department at Gateway Regional Medical Center in Granite City, Illinois to seek treatment for his ongoing neurological symptoms. An MRI showed very significant spinal cord compression and significant signal change in his cervical spine. Plaintiff was referred to a neurosurgeon and transported to St. Mary's Hospital in St. Louis, Missouri, where he underwent emergency spinal decompression surgery. Plaintiff still suffers from persistent spinal cord damage which may or may not improve.

In the Third Amended Complaint, Plaintiff asserts an Eighth Amendment claim for deliberate indifference to a serious medical need against the defendants; an Eighth Amendment claim for failure to intervene against the defendants; state law medical negligence claims against Wexford and Dr. Shah; and a claim based on respondeat superior against Wexford (Doc. 123). Defendants moved for summary judgment (Doc. 132).

In his Report, Judge Beatty recommended that Defendants' Motion be granted as to Wexford on Plaintiff's deliberate indifference claim and granted per Plaintiff's concession with respect to Defendants Wexford and Dr. Shah as to Plaintiff's failure to intervene claim. Judge Beatty found the evidence sufficient to support Plaintiff's remaining claims.

## Discussion

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving

any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

Prisoners are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). To survive a motion for summary judgment on an Eighth Amendment claim for denial of appropriate medical care, Plaintiff must demonstrate that he suffers from an objectively serious medical condition and that a prison official was deliberately indifferent to that condition. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Sherrod v. Lingle,* 223 F.3d 605, 610 (7th Cir. 2000). Deliberate indifference is a subjective standard and requires a finding that the defendant acted with a "sufficiently capable state of mind." *Sherrod*, 223 F.3d at 610. Specifically, a plaintiff must set forth evidence to establish that the defendant knew of a serious risk to the prisoner's health and consciously disregarded that risk. *Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir. 2006). Medical professionals may also exhibit deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012).

Failure to intervene can also be a basis for a constitutional violation under the Eighth Amendment. *Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005). Although medical providers that are subordinate to physicians, such as nurses, "may generally defer to instructions given by physicians, they have an independent duty to ensure that inmates receive constitutionally adequate care." *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015) (citing *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010)). When confronted with a questionable practice or clearly inappropriate treatment, a nurse or other lower level medical provider has a professional obligation to "take appropriate action" by discussing his or her concerns with the treating physician or contacting a supervisor. *Id.*

Defendant Wilford makes several objections to the Report: (1) there is no evidence to support Judge Beatty's finding that she was aware that Plaintiff's condition was serious; (2) it should not be assumed that Wilford was aware that Plaintiff had a serious medical need solely because he complained of tingling and numbness; and (3) there is no evidence to support Plaintiff's failure to intervene claim against Wilford. But these objections are belied by the evidence.

Wilford admitted that Plaintiff consistently complained about his symptoms until he was released from SWICC. Specifically, she testified during her deposition that Plaintiff came to sick call at least once a week and would "wear the hell out of you" with complaints about his symptoms. She also testified that a person with spinal cord compression would exhibit pain, numbness and impaired movement; the same symptoms Plaintiff frequently complained about from May 2014 until September 2014. She admitted that the risk of harm to a person experiencing persistent numbness and tingling is obvious. Plaintiff's reported symptoms were also documented in his charts and raised during sick calls and informally.

Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could conclude that Wilford was deliberately indifferent to Plaintiff's serious medical condition and could also find that she knew Plaintiff's constitutional rights were being violated but did nothing about it when she repeatedly encountered Plaintiff in pain and complaining about his symptoms and that he needed help beyond what Dr. Shah was providing. Therefore, Wilford is not entitled to summary judgment.

The Court finds Judge Beatty's factual findings and analysis to be thorough and accurate and **ADOPTS** his Report and Recommendation (Doc. 219) in its entirety. Accordingly, Defendants' Motion for Summary Judgment (Doc. 132) is **GRANTED in part** and **DENIED in part.** This case will proceed to trial on the following claims:

Count 1: Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Shah and Wilford;

Count 2: Eighth Amendment claim for failure to intervene against Defendant Wilford;

Count 3: Medical negligence under Illinois law against Wexford and Shah; and

Count 4: Respondeat superior against Wexford.

**IT IS SO ORDERED.**

**DATED: September 5, 2019**

*/s/ Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**