U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| GERRY ARMBRUSTER #S02006,<br>　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH CARE, INC.;<br>BHARAT SHAH; RON VITALE; LORETTA<br>WILFORD,<br><br>　　　　Defendants. | No. 3:16-cv-00544-MAB<br><br>Magistrate Judge Mark A. Beatty |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

COME NOW Defendants BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., and LORETTA WILFORD, by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response in Opposition to Plaintiff's Motion to Strike (Doc. 246), state as follows:

**I. INTRODUCTION**

On March 25, 2020, Defendants submitted their Second Supplemental Expert Disclosures, including a concise second supplemental report by Dr. Petkovich concerning Dr. Charles Mannis' examination of Plaintiff after discovery had closed in this matter. More than 30 days later, on May 11, 2020, Plaintiff filed a Motion to Strike Defendants' Second Supplemental Expert Disclosure arguing the disclosure was untimely and raising *Daubert* objections to Dr. Petkovich's opinions for the first time. (Doc. 246). During the course of discovery, Dr. Petkovich had previously provided two expert reports outlining his opinions in this matter. Further, on May 28, 2018, Dr. Petkovich was deposed by Plaintiff's counsel for nearly 6 hours. As Dr. Petkovich's opinions in his second supplemental report explain that newly disclosed evidence from the Plaintiff *is supportive of his existing and previously disclosed opinions* Plaintiff's untimely Motion to Strike should be denied and his untimely objections to Dr. Petkovich's second supplemental report should be overruled.

## II. PREVIOUS CASE HISTORY

On or about May 4, 2018, Defendants disclosed Dr. Petkovich as an expert in this matter. On May 8, 2018, Defendants filed a Motion with the Court to allow Dr. Petkovich, certified to perform independent medical examinations, to perform an independent medical examination of Plaintiff regarding his neurological recovery from his spinal decompression surgery. (Doc. 101). On May 9, 2018, the Court denied Defendants' Motion finding that, although Dr. Petkovich provided dates of availability within the timeframe of discovery, the request was untimely as discovery closed on June 1, 2018.[1] (Doc. 104).

Unbeknownst to Defendants, Plaintiff subsequently sought his own medical evaluation of his neurological recovery from his spinal decompression surgery via a Social Security Administration ("SSA") application for disability (that was denied as Plaintiff is not disabled). Orthopedist Charles Mannis, M.D. performed such examination on or about October 29, 2018, four months after Defendants filed their Motion for Summary Judgment on the merits. Defendants first learned of this examination by Dr. Mannis on December 28, 2018 when Plaintiff first produced Dr. Mannis' report. On January 4, 2019, Plaintiff endorsed Dr. Charles Mannis as a witness in this case. At the time of this disclosure trial was set for March 11, 2019. (Doc. 155). Given the immediacy of trial and newly disclosed witnesses and evidence, Defendants timely filed a Motion to Strike the disclosures on January 16, 2019. (Doc. 173). This motion remained pending until September 10, 2019, when the Court directed the parties to coordinate the scheduling of Dr. Mannis' deposition prior to trial.[2] (Doc. 230). On January 23, 2020, this matter was set for trial to commence on June 29, 2020. (Doc. 243).

---

[1] However, on June 1, 2018, the Court granted co-defendant and Plaintiff additional time up to July 2, 2018 to response to discovery and take a deposition. (Doc. 120).
[2] Similarly, during this time, the parties were directed to communicate with the Court regarding the potential for a settlement conference. (Docs. 229, 230).

2

### III. TIMELINESS

As an initial matter, Plaintiff's Motion to Strike was filed more than 30 days after service of Defendants' Second Supplemental Expert Disclosures and the Court should deny it as untimely. FRCP 26. Second, as Defendants' Second Supplemental Expert Disclosures were sent on March 25, 2020, more than 90 days before trial, it was submitted within FRCP 26(a)(2)(D) expert disclosure deadlines and Plaintiff's Motion should be denied.

Additionally, Dr. Petkovich could not have provided his second supplemental report concerning Dr. Mannis' examination of Plaintiff during the time of discovery as Plaintiff had not yet sought Dr. Mannis' services. Instead, Defendants first learned that Plaintiff had an independent medical examination on December 28, 2018. Given that trial was forthcoming and discovery was closed, Defendants moved the Court to strike Dr. Mannis' endorsement. The trial ultimately was continued, but this motion remained pending until September 10, 2019, when the Court allowed the parties to proceed to schedule Dr. Mannis' deposition despite discovery being closed.[3]

After this time, Defendants were attempting to locate Dr. Mannis, who was no longer employed at his address listed in the report. Defendants were not provided forwarding addresses for Dr. Mannis and their research did not show that he was practicing elsewhere. Defendants continued to investigate the location of Dr. Mannis until one of Defendants' subpoenas made its way to the SSA and counsel was contacted by SSA's General Counsel. Undersigned was informed that Dr. Mannis was considered an employee of SSA for purposes of his evaluation of Plaintiff and a formal request had to be made for his deposition and then approved by an agent of the SSA. Defendants informed Plaintiff on February 3, 2020 of their application to the SSA for

---

[3] During this time, Defendants were also working with Plaintiff's counsel to resolve discovery disputes related to punitive damages discovery requests. (Doc. 236).

Dr. Mannis to testify and provided Plaintiff a copy of the same.  However, the SSA did not approve Dr. Mannis' deposition and will not make him available in this case, explaining that "[r]ecords concerning Mr. Armbruster are documents kept in the regular course of business and may be admitted at trial despite their hearsay status."  (Exhibit A).  Upon learning that Dr. Mannis was unavailable to Defendants in this matter, Defendants requested Dr. Petkovich provide a supplemental report regarding Dr. Mannis' examination and on March 25, 2020, Defendants submitted it to Plaintiff.  Therefore, Defendants' Second Supplemental Expert Disclosures were not unduly delayed and should not be stricken or excluded.

To the extent Plaintiff claims he has been prejudiced by any delay, Defendants have worked diligently to investigate and discover Plaintiff's independent medical examination he had more than 6 months after discovery closed.  Plaintiff has already taken a nearly 6 hour deposition of Dr. Petkovich.  Dr. Petkovich's opinions have not changed but instead were supported by Dr. Mannis' findings. To the extent Plaintiff believes Dr. Petkovich's opinions have changed, Plaintiff has not requested a second deposition of Dr. Petkovich.  Further, Plaintiff's claim that he is prevented from having his expert prepare a rebuttal report is unpersuasive.  Not only has Plaintiff known of Dr. Petkovich's underlying opinions for 2 years, but also Plaintiff's only retained expert witness, Dr. Brown, is a family medicine doctor and not a neurologist or orthopedic specialist qualified to perform (or comment on) an independent medical examination of Plaintiff's neurological recovery from his spinal decompression surgery.  In fact, Dr. Brown has already testified as such and even at the time of his deposition had no opinions on Plaintiff's actual surgical recovery at that time.  (Doc. 133-7, 6:10-7:4; 9:11-24; 32:1-4; 134:24-135:2). Lastly, to the extent Plaintiff claims disclosing Dr. Mannis as a potential expert in this case was

4

prejudicial, Plaintiff fails to appreciate that he was already disclosed by Plaintiff in January 2019. Therefore, Plaintiff has not been unduly prejudiced and his Motion should be denied.

### IV. *DAUBERT*

Plaintiff's untimely attempt to raise a *Daubert* motion questioning the qualifications of Dr. Petkovich fails before it begins. Despite having taken Dr. Petkovich's nearly 6 hour deposition and reviewing his first two reports, Plaintiff did not file a *Daubert* motion at the appropriate time: at the dispositive motion deadline.[4] This is because Dr. Petkovich is an orthopedic surgeon who has diagnosed thousands of patients with spinal cord compressions, performed hundreds of spinal decompression surgeries, and worked extensively with neurosurgeons. (Doc. 133-5). Plaintiff's attempt at isolating Dr. Petkovich's second *supplemental* report, which reiterates his overarching opinions in the case, from his previous reports and deposition testimony is improper. Plaintiff specifically objects to Dr. Petkovich's opinion regarding the timing of Plaintiff's spinal cord compression as though this was a new opinion; however, Dr. Petkovich was deposed *at length* about this opinion during his deposition during the course of discovery. (Doc. 133-5, p. 72-86; 210-213). To argue that Dr. Petkovich's second supplemental report contains new opinions regarding the age of Plaintiff's spinal cord compression is disingenuous at best.

Further, as an expert, Plaintiff is allowed to consider the findings of another expert's examinations in coming to his opinions and in reviewing his opinions based on subsequent evidence. FRE 702; 703. In fact, that's what medical experts nearly always do as it is an acceptable methodology. *Jaske v. Zimmer, Inc.*, 2008 U.S. Dist. (7th Cir. N.D. IL) LEXIS 22454, *10; citing *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000).

---

[4] Per the Case Management Procedures of the Chief Judge Michael J. Reagan at the applicable time.

Notably, Dr. Mannis' independent medical examination is what Dr. Petkovich is certified to perform and wanted to perform in this case, but which the Court did not allow Defendants to do because of the timing of discovery. To preclude Dr. Petkovich from opining on this examination because Plaintiff had it performed outside the scope of discovery in this case would be fundamentally unfair to Defendants. Lastly, the objections raised by Plaintiff to the nature of Dr. Petkovich's opinions are adversarial in nature and the subject of cross-examination, not grounds for exclusion. Plaintiff's motion should be denied and objections overruled.

WHEREFORE, Defendants BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., and LORETTA WILFORD respectfully request this Court deny Plaintiff's Motion to Strike and for further relief the Court deems just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: */s/ Jaclyn Kinkade*
Attorneys for Defendants BHARAT SHAH, M.D., WEXFORD HEALTH SOURCES, INC., and LORETTA WILFORD

Jaclyn Kinkade
MO Bar 63935
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2020, I electronically filed the foregoing with the Clerk of the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Arthur Loevy, Esq.
Sarah Copeland Grady, Esq.
Jon I. Loevy, Esq.
Katherine A. Roche, Esq.
Michael Knovitz, Esq.
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, IL 60607
jon@loevy.com
Katie@loevy.com
mike@loevy.com
loevylaw@loevy.com
sarah@loevy.com

                                                                    */s/ Jaclyn Kinkade*